1  STEVEN M. TINDALL (State Bar No. 187862)
   ZACHARY R. CINCOTTA (State Bar No. 226947)
2  RUKIN HYLAND DORIA & TINDALL LLP
   100 Pine Street, Suite 725
3  San Francisco, CA 94111
   Telephone: (415) 421-1800
4  Facsimile: (415) 421-1700
   Email: steventindall@rhdtlaw.com
5
   MICHAEL J. FLANNERY (State Bar No. 196266)
6  Carey & Danis, LLC
   8235 Forsyth Boulevard
7  Suite 1100
   St. Louis, MO 63105                    **E-filing**
8  Telephone: (314) 725-7700
   Facsimile: (314) 721-0905
9  e-mail: mflannery@careydanis.com

10

11 Attorneys for Individual and Representative Plaintiff Michael
   Antonelli

12

13

14                UNITED STATES DISTRICT COURT FOR THE
                     NORTHERN DISTRICT OF CALIFORNIA
15
   MICHAEL ANTONELLI, individually      )
16 and on behalf of all others similarly situated,  )
                                        )
17      Plaintiff,                      )  CV 08      1445
                                        )
18 v.                                   )  Case No.:
                                        )
19 HARMONIX MUSIC SYSTEMS, INC.,        )                      MEJ
   VIACOM, INC. and                     )  **JURY TRIAL DEMANDED**
20 ELECTRONIC ARTS, INC.,               )
                                        )
21      Defendants.                     )

22                      **CLASS ACTION COMPLAINT**

23      Plaintiff Michael Antonelli (hereinafter "Plaintiff"), individually and on behalf of all

24 others individuals similarly situated, in his complaint against Harmonix Music Systems, Inc.

25 (hereinafter "Harmonix"), Viacom, Inc. (hereinafter "Viacom") and Electronic Arts, Inc.

26 (hereinafter "EA") (Harmonix, Viacom and EA will be referred to collectively as "Defendants"),

27 states and alleges as follows:

28

1

## NATURE OF THE CASE

2      1.      This is a Class action against Defendants for fraudulently marketing — and

3  improperly inducing consumers into purchasing — the interactive video game *Rock Band*, when

4  Defendants knew that owners of *Rock Band* for Sony PlayStation 3® ("PS3") game consoles

5  would be unable to play the game with four players. Defendants knew that there was no second

6

7  guitar controller in the *Rock Band* bundle. Defendants knew also that no compatible guitar

8  controllers were available to the PS3 owners, because Defendants had not obtained permission

9  from Activision, Inc. ("Activision") to use Activision's *Guitar Hero III* guitars with the *Rock*

10  *Band* game and because Defendants had not manufactured any stand alone-guitar controllers for

11  purchase by consumers. On information and belief, Plaintiff alleges that Defendants also knew or

12  should have known that significant numbers of the *Rock Band* instrument controllers were

13  defective.

14

15      2.      Defendants' conduct in the marketing and sale of *Rock Band* was deceptive,

16  misleading and improper: Defendants marketed and sold *Rock Band* to consumers despite their

17  knowledge that consumers with PS3 consoles would not be able to play the game with four

18  players, as marketed and advertised. Defendants' misconduct allowed it to reap millions of

19  dollars in profit at the expense of Plaintiff and the proposed Class. Defendants also sold a

20  defectively designed product.

21

22      3.      Defendants' deceptive advertising and marketing caused Plaintiff and the proposed

23  Class to suffer monetary injury. Defendants relied on their position of trust as the developers of

24  the popular *Guitar Hero* games to lure customers into the purchase and use of a game that could

25  not be played as advertised. Members of the Class also purchased and used a defective product

26  and were forced, in many cases, to return one or more of their original instrument controllers to

27  Defendants, at significant cost.

28

-2-

1    4.    As a result of Defendants' actions, Plaintiff and members of the proposed Class

2    have been injured in that they have been forced to either purchase a second bundle (which also

3    includes the game itself, one guitar controller, a drum set and a microphone) in order to have the

4    proper equipment or to wait indefinitely for the eventual availability of stand-alone, compatible

5    guitar controllers. Plaintiff and proposed Class members have been unable to play the *Rock Band*

6

7    game as advertised, absent this significant additional investment of time and money. Members of

8    the Class have also been injured in that they have had to pay Defendants to obtain replacements

9    for their defective instrument controllers on an expedited basis.

10    **THE PARTIES**

11    5.    Plaintiff Michael Antonelli is a resident of Portland, Oregon. In late 2007,

12    Plaintiff received a *Rock Band* bundle for PS3 as a gift, but was unable to play the game with four

13
players, as marketed.
14

15    6.    Defendant Harmonix Music Systems, Inc., is a Massachusetts corporation with its

16    principal place of business located at 625 Massachusetts Avenue, Cambridge, Massachusetts

17    02139. Harmonix is a videogame development company based in Cambridge, Massachusetts.

18    The company specializes in music-based games and, according to its website, "is renowned for

19
groundbreaking design innovation."
20

21    7.    Defendant Electronic Arts, Inc., is a Delaware corporation with its principal place

22    of business located at 209 Redwood Shores Parkway, Redwood City, California 94065.

23    According to its financial statements, EA's business is to "develop, market, publish and distribute

24    interactive software games that are playable by consumers on video game consoles (such as the

25    Sony Playstation® 2 and PLAYSTATION® 3, Microsoft Xbox 360™ and Nintendo Wii™). . . ."

26    8.    Defendant Viacom, Inc., is a Delaware corporation with its principal place of

27    business located at 1515 Broadway, New York, New York 10036. According to its most recent

28

-3-

1    financial filings, Viacom is a leading global entertainment content company with prominent and

2    respected brands, including MTV Networks, one of the co-developers, along with Harmonix and

3    EA, of *Rock Band*.

4

5                                **JURISDICTION AND VENUE**

6        9.        This Court has jurisdiction over this action pursuant to the Class Action Fairness

7    Act, codified at 28 U.S.C. § 1332, because there is complete diversity between the parties and

8    because the aggregate amount in controversy exceeds $5 million. *See* 28 U.S.C. § 1332. This

9    Court has personal jurisdiction over Defendants because they transact substantial and continuous

10   business in the State of California and within this district. Moreover, Defendants made or

11   performed contracts substantially connected with this state and conspired to defraud residents of

12   this state in connection with the advertisement, marketing, and sale of *Rock Band*.

13

14       10.       Venue exists in this Court because members of the Class have done business with

15   Defendants in this District. Venue is also proper because Defendant EA maintains offices in this

16   District for its regular and customary business.

17                                **STATEMENT OF FACTS**

18       11.       Harmonix developed the original videogame known as *Guitar Hero*, which was

19   released to the retail market in the fall of 2005. The game was very successful and sold millions

20
     of units. Harmonix also developed and released *Guitar Hero II* in the fall of 2006.
21

22       12.       Harmonix eventually sold the rights to the development of *Guitar Hero* to

23   Activision, another video game development company in California. Activision eventually

24   developed *Guitar Hero III*, also a very successful game that was released in the fall of 2007 and

25   has sold millions of units.

26       13.       The *Guitar Hero* video games have been developed to be compatible with

27   different video game consoles, such as Sony PlayStation 2 and 3, Microsoft X-Box 360 and

28
                                               -4-

1  Nintendo Wii. As each generation of these games was unveiled, the developers of the games

2  have generally built in software that allowed game controllers to be used with more than one

3  game. For example, *Guitar Hero* III controllers for X-Box 360 (the actual guitar that a consumer

4  would use to play the game) are compatible with, and can be used interchangeably with, the X-

5  Box 360 version of *Rock Band* (described below).

6

7  14.     Defendants Harmonix, EA, and Viacom developed a "next generation" video

8  game, along the lines of *Guitar Hero*, called *Rock Band*. The attraction of *Rock Band* was that

9  multiple players could use the game simultaneously, playing together – as the name implies – like

10  an actual rock band. *Rock Band* was viewed as a competitor to Activision's *Guitar Hero III*.

11  Defendants announced the anticipated fall release of *Rock Band* on April 2, 2007.

12

13  15.     *Rock Band* was hotly anticipated, and was specifically marketed for four players:

14  a drummer, a vocalist and two guitarists (a lead guitar and a bass guitar player). For example, in

15  announcing the anticipated release of *Rock Band* on April 2, 2007, Defendants noted that "*Rock*

16  *Band* will allow gamers to perform music from the world's biggest rock artists with their friends

17  as a virtual band using drum, bass/lead guitar and microphone peripherals, in addition to offering

18  deep on-line connectivity." Both the lead guitar player and bass player play the game using a

19  proprietary guitar controller. Defendants, however, sold *Rock Band* to consumers in a bundle

20  containing only one guitar controller. The *Rock Band* game costs approximately $170.00.

21

22  16.     Defendants' packaging and marketing materials made clear that *Rock Band* was

23  intended to be played with four players. Pictures and "screen shots" of the game on the box in

24  which the game was shipped showed four members of a band playing the game. Text on the box

25  refers to four instruments/performers: a vocalist, a drummer, a bassist, and a lead guitarist.

26  17.     Defendant made false and misleading statements about the compatibility of other

27  guitar controllers in order to entice consumers to purchase *Rock Band*. An article on IGN.com --

28

-5-

1  an Internet website which describes itself as the "ultimate gaming and entertainment resource

2  featuring award winning coverage of video games" -- on April 2, 2007, at the time of the

3  announcement of the fall release date, noted that "[o]ne area of concern is the cost for a game that

4  uses four proprietary controllers. . . . *Rock Band* may ship in a four-in-one massive box and/or as

5  separate units. A member of the *Rock Band* development team confirmed that the *Guitar Hero II*

6  ax [slang for "guitar"] will work with *Rock Band* on X-Box 360." An article on April 3, 2007 on

7  JOYSTIQ.com entitled "*Rock Band* will be compatible with *Guitar Hero* controllers" noted that

8  "1UP put on their investigating shoes and – burrowing through the official forum – found such a

9  confirmation from *Rock Band* development member, Jason Booth. Debunking a (now edited)

10 IGN article, Booth says, 'For some reason, IGN posted that *Rock Band* will not be compatible

11 with *Guitar Hero* guitars. I thought I'd drop in and let you know that this is not correct.'"

12

13

14  18.     Defendants marketed *Rock Band* in their advertising material as able to be played

15  with their own guitar controller and with compatible guitars. During the period of development

16  and release, and continuing to the present, the only other guitar controllers available to consumers

17  are those sold with or designed to be used with the *Guitar Hero* games, which Defendants knew

18  would not work with the PS3 version of *Rock Band*.

19

20  19.     Defendants knew, from the inception of their *Rock Band* marketing and

21  advertising campaign, that Activision's *Guitar Hero III* guitars – as well as guitar controllers

22  from earlier versions of *Guitar Hero*, and guitars manufactured by third parties-- could not be

23  used with the PS3 version of *Rock Band* absent a software patch that was approved for use by

24  Activision. Defendants did not obtain permission from Activision for the use of such a software

25  patch, even though they developed the patch. Defendants also knew or should have known that

26  they had not manufactured sufficient stand-alone guitar controllers that could be sold to owners of

27  PS3 *Rock Band* for use as the "second guitar."

28

-6-

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

20.     Notwithstanding this knowledge, Defendants sold thousands of copies of the PS3

version of *Rock Band* to consumers knowing that that those consumers would not be able to play

the game as marketed because they would not have a way to obtain a second guitar controller,

absent significant out-of-pocket investment -- *e.g.,* for a second "bundle" containing redundant

copies of the other instruments and the game itself. Defendants knew that *Guitar Hero III*

controllers (which most purchasers of PS3 version of *Rock Band* would likely own or could

readily purchase for less than a second *Rock Band* bundle) would not be compatible with the PS3

version of *Rock Band* and that they had not manufactured stand-alone guitar controllers (which

could be purchased separately) to meet the expected demand. Defendants have not, in fact, made

*any* such stand-alone guitar controllers available for purchase by consumers. Plaintiff and

members of the proposed Class have no way of obtaining a second guitar controller without

purchasing an entirely separate PS3 *Rock Band* bundle.

21.     Defendants' marketing deceptively and misleadingly marketed the PS3 version of

*Rock Band* knowing that the game could not be played as advertised, absent significant additional

investment.

22.     Plaintiff, like a majority of users of *Rock Band* for the PS3 system, was, and is, not

able to play the game with four players, and will be forced to purchase a second guitar controller

in order to play the game as it was advertised.

23.     Many consumers who purchased *Rock Band* for PS3, but could not find any

compatible controllers, were upset with Defendants, posting comments on various gaming

websites to voice their displeasure. For example, one comment posted on a website on December

20, 2007 took Defendants to task for their unfair business practices:

By: AroundtheFur1380:

It isn't Activision's responsibility to ensure that Rockband has enough guitars available
for a full experience. It isn't Activision's fault that RB guitar is kinda [sic] crappy, and

-7-

1    that it isn't available by itself. They don't have to make anything easier on RB. The
     game is $170, and still requires the purchase of another guitar and downloadable content
2    before it's even close to the same guitar experience as GH. Perhaps EA and Harmonix
     would be having less issues [sic] had offered a solo guitar for sale to begin with, let alone
3    one that doesn't die in two weeks like the first batch did. RB is awesome, and I love the
     drum parts but they [sic] whole accessory thing was not well thought through on their
4    part. This could have been avoided.

5    24.    Defendants also sold *Rock Band* knowing that many of the controllers in the

6    bundle were defective. Defendants concealed the defects in the controllers from Plaintiff and the

7    members of the proposed Class. Members of the Class were forced to return many of the

8
     instrument controllers to Defendants, including having to pay additional money to obtain the
9
     controllers on an expedited basis. Defendants have acknowledged defects in the guitar
10
11   controllers, including a defect in the "strum bar" of the guitar controllers.

12                              **CLASS ACTION ALLEGATIONS**

13   25.    This is a Class action filed pursuant to Rule 23(b)(2) and (b)(3) of the Federal

14   Rules of Civil Procedure. The proposed Plaintiff Class consists of all persons and entities in the

15   United States who purchased or received as a gift the PlayStation 3® version of *Rock Band* from

16
17   Defendants. Excluded from the Class are Defendants; their parent companies, subsidiaries and

18   affiliates; their directors and officers; and members of their immediate families.

19   26.    The identities of members of the proposed Class are readily identifiable through

20   computer records and paper records regularly maintained in Defendants' course of business.

21   27.    The proposed Class is no numerous as to make it impracticable to bring all

22   members of the Class before the Court. Plaintiff is informed and believes that the Class may be

23   thousands in size. In some instances, Class members may be unaware that a claim exists on their

24
     behalf. To the extent that Class members have knowledge of their claims, their damages are in
25
26   such amounts that when taken individually, they may be too small to justify the expense of a

27   separate lawsuit.

28   28.    The representative Plaintiff's claims are typical of, if not identical to, the claims of

                                              -8-

                    COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

1    the Class. Plaintiff, like other members of the proposed Class, could not play *Rock Band* as

2    advertised, absent the purchase of a second, separate copy of the game. Every Class member was

3    harmed in the same way.

4
     29.     Plaintiff will fairly and adequately represent the members of the Class and has no
5
6    interests that are antagonistic to the claims of the Class. Plaintiff will vigorously pursue the

7    claims of the Class.

8        30.     The representative Plaintiff has retained counsel who are competent and

9    experienced in consumer fraud class action litigation and who have successfully represented

10   consumers in complex class actions.

11
         31.     Common questions of law and fact govern the rights of each member of the
12
     proposed Class. Plaintiff seeks on behalf of the Class a common remedy by way of permissible
13
14   damages and declaratory relief.

15       32.     There are numerous and substantial questions of law and fact common to all

16   members of the Class that will control in this litigation and which will predominate over any so-

17   called individual issues. These common questions of law and fact include, but are not limited to

18   the following:

19
                a.      whether Defendants engaged in fraud and deception in the marketing and
20
     sale of the PlayStation 3® version of *Rock Band*;
21
22              b.      whether Defendants engaged in unfair business practices by selling *Rock*

23   *Band* with defective controllers;

24              c.      whether the conduct alleged herein violates California common law and

25   statutory law as set forth below;

26
27              d.      whether Plaintiff and the Class were injured by Defendants' improper

28   conduct and if so, the proper measure of damages; and

-9-

1          e.      whether Plaintiff and the Class are entitled to declaratory and/or injunctive

2   relief as a result of Defendants' improper conduct.

3          33.     A class action provides a fair and efficient method, if not the only method, for

4   adjudicating this controversy. The substantive claims of the representative Plaintiff and the Class

5   are identical and will be proven through reliance on the same evidence. The class action is

6   superior to other available means of the fair and efficient adjudication of the claims of Plaintiff

7   and members of the Class. The injury suffered by each individual Class member is relatively

8   small in comparison to the burden and expense of individual prosecution of the complex and

9   extensive litigation necessitated by Defendants' conduct. It would be virtually impossible for

10  members of the Class individually to redress effectively the wrongs done to them. Even if the

11  members of the Class could afford such individual litigation, the court system could not.

12  Individualized litigation presents a potential for inconsistent or contradictory judgments and

13  increases the delay and expense to the parties, and to the court system, presented by complex

14  legal and factual issues of the case. By contrast, the class action device presents far fewer

15  management difficulties and provides the benefits of single adjudication, economy of scale, and

16  comprehensive supervision by a single court. On information and belief, Plaintiff alleges that

17  Defendants continue to engage in the practices described in this complaint.

18         34.     The claims asserted herein are applicable to all individuals and entities throughout

19  the United States who purchased or received by gift the PS3 version of *Rock Band*. California, as

20  the site of EA's headquarters and the place where significant decision-making with respect to the

21  PS3 version of *Rock Band* occurred, is the center of gravity for this action. As such, it is

22  appropriate and consistent with existing law to certify a nationwide Class of consumers, applying

23  California law. Certification of a nationwide Class under the laws of California is appropriate

24  because:

-10-

1     a.     EA conducts substantial business in California;

2     b.     EA's principal executive offices and corporate headquarters are located in

3     California;

4
5     c.     EA's marketing, promotional activities, and literature are coordinated at,

6     emanate from, and/or are developed at EA's California headquarters; and

7     d.     A significant number of proposed Class members reside in California.

8     35.     Adequate notice can be given to Class Members via direct contact through the U.S.

9     Mail using information maintained by Defendants, or through notice by publication in print

10    and/or electronic media, or through a combination of these methods.

11    36.     Damages may be calculated from the sales information maintained in Defendants'

12    records, so that the cost of administering a recovery for the Class can be minimized.

13
14    37.     Plaintiff is informed and believes, and on that basis alleges, that Defendants

15    benefited from the sale of the PS3 version of *Rock Band* to Plaintiff and the Class. Plaintiff is

16    informed and believes further that the benefit to Defendants can be identified from the sale of the

17    PS3 version of *Rock Band* to members of the Class and that such monies can be restored to the

18    Class. Such monies are the property of the members of the Class. All or a portion of this benefit

19    retained by Defendants is money in which members of the Class have an ownership interest.

20    Members of the Class were injured and lost money as a result of Defendants' sale of the PS3

21    version of *Rock Band* and Defendants' unfair, unlawful, and fraudulent business practices

22    described herein.

23

24    **PRIVATE ATTORNEY GENERAL ALLEGATION**

25    38.     In addition to his class action allegations, Plaintiff asserts claims as a private

26    attorney general on behalf of the members of the General Public pursuant to California Business

27    and Professions Code §§ 17204 and 17535. On behalf of the General Public, Plaintiff seeks to

28

-11-

1   enjoin Defendants from engaging in the unfair, unlawful, and fraudulent business practices

2   alleged in this Complaint and to require Defendants to restore to the affected members of the

3   General Public all monies wrongfully obtained by Defendant through these practices.

4

5                           **FIRST CAUSE OF ACTION**

6       **(Violation of the Cal. Bus. & Prof. Code §§ 17200, *et seq*. (the "UCL"))**

7       39.    The preceding paragraphs of this Complaint are realleged and incorporated by

8   reference as if fully set forth herein.

9       40.    Plaintiff asserts this cause of action individually and on behalf of all members of

10  the Class against Defendants for violation of the UCL.

11      41.    The UCL prohibits all unlawful, unfair, or fraudulent business practices and/or

12
    acts. This statute is liberally construed to protect the public.
13

14      42.    In doing the acts alleged herein, Defendants engaged and continue to engage in an

15  unfair, unlawful, and fraudulent business practice in violation of the UCL. Defendants' wrongful

16  conduct alleged herein is part of a pattern or generalized course of conduct that occurred and

17  continues to occur in the ordinary course of Defendants' business. Thus, Defendants' conduct

18  impacts the public interest.

19
        43.    Defendants' acts and practices have deceived and/or are likely to deceive
20
    consumers.
21

22      44.    Defendants' acts and practices are unlawful because they violate Civil Code §§

23  1770(a)(5), 1770(a)(7) and 1770(a)(9). Defendants' acts and practices are also unlawful because

24  they violate Cal. Bus. & Prof. Code §§ 17500 *et seq*. Specifically, Defendants marketed,

25  advertised, and sold *Rock Band* to members of the proposed Class, as alleged above, through false

26  and deceptive advertisements that include misrepresentations, either express or implied, that *Rock*

27  *Band* was reliable and of superior quality, has qualities, uses, or benefits that it does not provide,

28

                                    -12-

1   and is suited for the uses for which it is advertised. Such claims are material and substantial.

2   45.    As set forth in detail above, Defendants defrauded plaintiff and the Class by

3   advertising, marketing, and selling *Rock Band* as a game to be played by four people even though

4   it could not be played as advertised absent significant additional investment by consumers.

5

6   Defendants failed to disclose to consumers that there was no compatibility with *Guitar Hero III*

7   game controllers, and that stand-alone guitar controllers were not available. Defendants'

8   deceitful marketing targeted Class members who were loyal and dedicated customers of the

9   *Guitar Hero* franchise. Defendants nevertheless intentionally downplayed the fact that *Rock*

10  *Band* would not be compatible with *Guitar Hero III* game controllers. Defendants also shipped

11  *Rock Band* with defective controllers.

12

13  46.    Plaintiff, on behalf of himself and the Class, seeks an order of this Court awarding

14  restitution, injunctive relief, and all other relief allowed under Cal. Bus. & Prof. Code § 17203

15  and Civil Code § 3345, plus interest, attorneys' fees and costs, pursuant to, *inter alia*, Code of

16  Civ. Proc. § 1021.5.

17  ## SECOND CAUSE OF ACTION
    **(Violation of the Consumers Legal Remedies Act, Civil Code § 1750 *et seq.*)**

18

19  47.    The preceding paragraphs of this Complaint are realleged and incorporated by

20  reference as if fully set forth herein.

21  48.    Plaintiff asserts this cause of action individually and on behalf of all members of

22  the Class against Defendants for violation of the CLRA.

23  49.    Defendants are "persons" within the meaning of Civil Code §§ 1761(c) and 1770

24  and provides "goods" and "services" within the meaning of California Civil Code §§ 1761(a),

25  1761(b) and 1770.

26

27  50.    Purchasers of Defendants' *Rock Band* video game are "consumers" within the

28  meaning of Civil Code §§ 1761(d) and 1770. Each Class member's purchase of *Rock Band*

-13-

1   constitutes a "transaction" within the meaning of Civil Code §§ 1761(e) and 1770.

2   51.    As set forth herein, Defendants' acts, practices, representations, omissions, and

3   course of conduct with respect to the promotion of its *Rock Band* videogame as to the qualities

4
    and benefits of *Rock Band*, were undertaken by Defendants in a transaction intended to result or
5
6   which resulted in the sale of goods to consumers, and were intended to induce, and in fact did

7   induce, members of the proposed Class to purchase for personal use such goods which they

8   otherwise would not have purchased. Further, and alternatively, Defendants' suppression and/or

9   concealment of the material fact that *Rock Band*'s controllers are defective violates the CLRA in

10  that:

11
            a.     Defendants represent that their goods and services have sponsorship,
12
    approval, status, characteristics, uses, or benefits which they do not have, in violation of Civil
13
14  Code § 1770(a)(5);

15          b.     Defendants represent that their products or services have a particular

16  standard or quality that they do not have, in violation of Civil Code § 1770(a)(7); and

17          c.     Defendants advertise *Rock Band* with an intent not to sell them as

18  advertised, in violation of Civil Code § 1770(a)(9).

19
    52.    Defendants misrepresent the true nature and characteristics of their video game
20
    *Rock Band* with the intent of inducing, and in fact inducing, members of the Class to believe such
21
22  claims and purchase *Rock Band* to their detriment.

23  53.    Defendants failed to disclose, suppressed, and/or concealed the material fact that

24  *Rock Band* has known defects as referenced herein, and cannot be played by four players absent

25  significant additional investment, as alleged in detail above. To the extent Defendants have

26  recently acknowledged limited defects in some of their guitar controllers, such notice to

27
    consumers has been insufficient to meaningfully advise consumers of the existence of the defect
28

-14-

1   potentially affecting their *Rock Band* controllers.

2   54.    A reasonable consumer would not have purchased *Rock Band*, or would have paid

3   substantially less for the video game, if Defendants had disclosed prior to purchase or in the

4
    course of the transaction the material fact that its controllers are defective and that it could not be
5
6   played by four players absent significant additional investment.

7   55.    Defendants' practices constitute misrepresentations and/or concealments as the

8   characteristics of *Rock Band* and are offered to induce, calculated to induce, and in fact induced a

9   false belief that use of *Rock Band* will benefit Plaintiff to an extent Defendants know is false.

10  56.    Defendants' practices, acts, and course of conduct in connection with its

11  promotion and sale of *Rock Band*, as described above, are likely to mislead a reasonable

12
    consumer acting reasonably under the circumstances to his or her detriment.
13

14  57.    **Notice Pursuant To Civil Code § 1782:** As a direct and proximate result of

15  Defendants' violations of law, Plaintiff and the Class have been injured. Pursuant to the

16  provisions of Civil Code § 1782, Plaintiff demands that within thirty (30) days from the service of

17  this Complaint, Defendants correct, repair, replace, or otherwise rectify the deceptive practices

18  described in this Complaint for the entire Class, pursuant to Civil Code § 1770. If Defendants fail

19  to do so, Plaintiff will amend this Complaint to seek damages pursuant to Civil Code § 1782.

20
21                              **THIRD CAUSE OF ACTION**
            **(Violation of the Cal. Bus. & Prof. Code §§ 17500, *et seq*.)**
22

23  58.    The preceding paragraphs of this Complaint are realleged and incorporated by

24  reference as if fully set forth herein.

25  59.    Plaintiff asserts this cause of action individually and on behalf of all members of

26  the Class against Defendants for violation of the Cal. Bus. & Prof. Code §§ 17500 *et seq*.

27  60.    During the Class Period, Defendants have advertised, marketed, and sold to the

28
                                    -15-

1    public *Rock Band* on a nationwide basis, including in California.

2    61.    Defendants have engaged in the advertising and marketing alleged herein with the

3    intent to directly or indirectly induce the purchase of the videogame *Rock Band*.

4
5    62.    Defendants' advertisements and marketing representations regarding the

6    characteristics of *Rock Band* are false, misleading, and deceptive as set forth more fully above.

7    63.    At the time it made and disseminated the statements alleged herein, Defendants

8    knew or should have known that the statements were untrue, deceptive, or misleading, and acted

9    in violation of Cal. Bus. & Prof. Code §§ 17500 *et seq.*

10    64.    Defendants actively concealed their knowledge that *Rock Band* could not be

11    played as advertised, and that the *Rock Band* controllers did not function as advertised.

12
13    65.    Defendants' acts of untrue and misleading advertising present a continuing threat

14    to consumers because such advertisements induce consumers to purchase *Rock Band*.

15    66.    As a result of the violations of California law described above, Defendants have

16    been and will be unjustly enriched at the expense of Plaintiff and the members of the Class.

17    Specifically, Defendant has been unjustly enriched by receipt of hundreds of thousands, if not

18    millions, of dollars in monies received from customers who purchased *Rock Band*, which is

19    advertised and/or otherwise marketed in the State of California and the United States, and which

20    is promoted and sold though advertising and marketing materials which materially misrepresent

21
22    the quality and functionality of the product.

23    67.    Plaintiff seeks restitution, injunctive relief and all other relief allowable under Cal.

24    Bus. & Prof. Code §§ 17535 *et seq.*

25                    **FOURTH CAUSE OF ACTION**
                         **(Unjust Enrichment)**
26

27    68.    The preceding paragraphs of this Complaint are realleged and incorporated by

28
                                    -16-

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

1 | reference as if fully set forth herein.

2 | 69. Members of the proposed Class conferred substantial benefits on Defendants by

3 | purchasing *Rock Band*, paying additional amounts to replace defective instrument controllers,

4 | and/or purchasing separate copies of the game in order to obtain a second guitar controller.

5 |

6 | 70. Defendants accepted and retained these substantial benefits to the detriment of

7 | members of the proposed Class, who have not received the full value of their purchase of *Rock*

8 | *Band*, due to Defendants' misconduct.

9 | 71. Defendants have been unjustly enriched at the expense of members of the

10 | proposed Class, as alleged in detail above.

11 | 72. Plaintiff and the members of the proposed Class have been damaged as a result of

12 | Defendants' unjust enrichment and are entitled to a full refund of Defendants' ill-gotten gains.

13 |

14 | ### PRAYER FOR RELIEF

15 | WHEREFORE, Plaintiff, on behalf of himself and the proposed Class defined herein,

16 | respectfully prays for judgment as follows: (a) certifying this action as a Class action; (b)

17 | awarding them damages, including actual, compensatory, and punitive damages, as appropriate;

18 | (c) awarding injunctive relief, as appropriate; (d) ordering disgorgement or restitution of ill-gotten

19 | gains, as appropriate; (e) awarding pre- and post-judgment interest, as allowed by law; (f)

20 | awarding attorney's fees and costs of suit; and (g) granting such other and further relief as is just

21 | and proper.

22 |

23 | ///

24 | ///

25 | ///

26 | ///

27 | ///

28 | ///

-17-

1

## **DEMAND FOR JURY TRIAL**

2

Plaintiff demands trial by jury on all issues so triable.

3

4

Dated: March  13 , 2008

5
Steven M. Tindall
RUKIN HYLAND DORIA
6
 & TINDALL LLP
100 Pine Street
7
Suite 725
San Francisco, CA  94111
8
Telephone:  415-421-1800
Facsimile:  415-421-1700
9
Michael J. Flannery
10
CAREY & DANIS, LLC
8235 Forsyth, Suite 1100
11
St. Louis, MO 63105
Telephone: (314) 725-7700
12
Facsimile:  (314) 721-0905
13
*Attorneys for Plaintiff and the Proposed*
*Plaintiff* **Class**
14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-18-

JS 44 (Rev. 12/07) (cand rev 1-16-08)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON PAGE TWO OF THE FORM.)

## I. (a) PLAINTIFFS

MICHAEL ANTONELLI, individually and on behalf of all others similarly situated,

## DEFENDANTS

HARMONIX MUSIC SYSTEMS, INC., VIACOM, INC. and ELECTRONIC ARTS, INC.,

**(b)** County of Residence of First Listed Plaintiff  Multnomah
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant    Worcester
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)

Rukin Hyland Doria & Tindall, 100 Pine Street, Suite 725, San Francisco, CA 94110, 415-421-7800

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- [ ] 1  U.S. Government Plaintiff
- [ ] 3  Federal Question (U.S. Government Not a Party)
- [ ] 2  U.S. Government Defendant
- [X] 4  Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff
(For Diversity Cases Only) and one Box for Defendant)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated or Principal Place of Business In This State | [ ] 4 | [X] 4 |
| Citizen of Another State | [X] 2 | [ ] 2 | Incorporated and Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| [ ] 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | [ ] 610 Agriculture | [ ] 422 Appeal 28 USC 158 | [ ] 400 State Reapportionment |
| [ ] 120 Marine | [ ] 310 Airplane | [ ] 362 Personal Injury— | [ ] 620 Other Food & Drug | [ ] 423 Withdrawal | [ ] 410 Antitrust |
| [ ] 130 Miller Act | [ ] 315 Airplane Product | Med. Malpractice | [ ] 625 Drug Related Seizure | 28 USC 157 | [ ] 430 Banks and Banking |
| [ ] 140 Negotiable Instrument | Liability | [ ] 365 Personal Injury — | of Property 21 USC 881 | | [ ] 450 Commerce |
| [ ] 150 Recovery of Overpayment | [ ] 320 Assault, Libel & | Product Liability | [ ] 630 Liquor Laws | **PROPERTY RIGHTS** | [ ] 460 Deportation |
| & Enforcement of Judgment | Slander | [ ] 368 Asbestos Personal | [ ] 640 R.R. & Truck | [ ] 820 Copyrights | [ ] 470 Racketeer Influenced and |
| [ ] 151 Medicare Act | [ ] 330 Federal Employers' | Injury Product | [ ] 650 Airline Regs. | [ ] 830 Patent | Corrupt Organizations |
| [ ] 152 Recovery of Defaulted | Liability | Liability | [ ] 660 Occupational | [ ] 840 Trademark | [ ] 480 Consumer Credit |
| Student Loans | [ ] 340 Marine | **PERSONAL PROPERTY** | Safety/Health | | [ ] 490 Cable/Sat TV |
| (Excl. Veterans) | [ ] 345 Marine Product | [ ] 370 Other Fraud | [ ] 690 Other | | [ ] 810 Selective Service |
| [ ] 153 Recovery of Overpayment | Liability | [ ] 371 Truth in Lending | | | [ ] 850 Securities/Commodities/ |
| of Veteran's Benefits | [ ] 350 Motor Vehicle | [ ] 380 Other Personal | **LABOR** | **SOCIAL SECURITY** | Exchange |
| [ ] 160 Stockholders' Suits | [ ] 355 Motor Vehicle | Property Damage | [ ] 710 Fair Labor Standards | [ ] 861 HIA (1395ff) | [ ] 875 Customer Challenge |
| [ ] 190 Other Contract | Product Liability | [ ] 385 Property Damage | Act | [ ] 862 Black Lung (923) | 12 USC 3410 |
| [ ] 195 Contract Product Liability | [ ] 360 Other Personal Injury | Product Liability | [ ] 720 Labor/Mgmt. Relations | [ ] 863 DIWC/DIWW (405(g)) | [X] 890 Other Statutory Actions |
| [ ] 196 Franchise | | | [ ] 730 Labor/Mgmt.Reporting | [ ] 864 SSID Title XVI | [ ] 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | & Disclosure Act | [ ] 865 RSI (405(g)) | [ ] 892 Economic Stabilization Act |
| [ ] 210 Land Condemnation | [ ] 441 Voting | [ ] 510 Motions to Vacate | [ ] 740 Railway Labor Act | | [ ] 893 Environmental Matters |
| [ ] 220 Foreclosure | [ ] 442 Employment | Sentence | [ ] 790 Other Labor Litigation | | [ ] 894 Energy Allocation Act |
| [ ] 230 Rent Lease & Ejectment | [ ] 443 Housing/ | **Habeas Corpus:** | [ ] 791 Empl. Ret. Inc. | **FEDERAL TAX SUITS** | [ ] 895 Freedom of Information Act |
| [ ] 240 Torts to Land | Accommodations | [ ] 530 General | Security Act | [ ] 870 Taxes (U.S. Plaintiff | [ ] 900 Appeal of Fee |
| [ ] 245 Tort Product Liability | [ ] 444 Welfare | [ ] 535 Death Penalty | | or Defendant) | Determination |
| [ ] 290 All Other Real Property | [ ] 445 Amer. w/Disabilities - | [ ] 540 Mandamus & Other | **IMMIGRATION** | [ ] 871 IRS—Third Party | Under Equal Access |
| | Employment | [ ] 550 Civil Rights | [ ] 462 Naturalization Application | 26 USC 7609 | to Justice |
| | [ ] 446 Amer. w/Disabilities – | [ ] 555 Prison Condition | [ ] 463 Habeas Corpus – | | [ ] 950 Constitutionality of |
| | Other | | Alien Detainee | | State Statutes |
| | [ ] 440 Other Civil Rights | | [ ] 465 Other Immigration | | |
| | | | Actions | | |

## V. ORIGIN (Place an "X" in One Box Only)

- [X] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 another district (specify)

Transferred from

- [ ] 6 Multidistrict Litigation
- [ ] 7 Judge from Magistrate Judgment

Appeal to District

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
The Class Action Fairness Act, 28 U.S.C. Sec. 1332

Brief description of cause:
Unfair business practices.

## VII. REQUESTED IN COMPLAINT:

[X] CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: [X] Yes [ ] No

## VIII. RELATED CASE(S) IF ANY

PLEASE REFER TO CIVIL L.R. 3-12 CONCERNING REQUIREMENT TO FILE "NOTICE OF RELATED CASE".

## IX. DIVISIONAL ASSIGNMENT (CIVIL L.R. 3-2)
(PLACE AND "X" IN ONE BOX ONLY)

[X] SAN FRANCISCO/OAKLAND    [ ] SAN JOSE

DATE

SIGNATURE OF ATTORNEY OF RECORD

Court Name: U.S. District Court, NDCA
Division: 3
Receipt Number: 34611016980
Cashier ID: bucklem
Transaction Date: 03/13/2008
Payer Name: rukin hyland doria
-----------------------------------
CIVIL FILING FEE
 For: michael antonelli
 Case/Party: D-CAN-3-08-CV-001445-001
 Amount:        $350.00
-----------------------------------
CHECK
 Check/Money Order Num: 3041
 Amt Tendered:  $350.00
-----------------------------------
Total Due:       $350.00
Total Tendered:  $350.00
Change Amt:      $0.00

mej


Checks and drafts are accepted
subject to collections and full
credit will only be given when the
check or draft has been accepted by
the financial institution on which
it  was drawn.