1   IRELL & MANELLA LLP
    Richard B. Kendall (90072)
2   Richard M. Simon (240530)
    1800 Avenue of the Stars, Suite 900
3   Los Angeles, California 90067-4276
    Telephone:    (310) 277-1010
4   Facsimile:    (310) 203-7199

5   Attorneys for Defendants
    Harmonix Music Systems, Inc.,
6   Viacom Inc. and Electronics Arts Inc.

7

8                   UNITED STATES DISTRICT COURT

9                  NORTHERN DISTRICT OF CALIFORNIA

10                    SAN FRANCISCO DIVISION

11  MICHAEL ANTONELLI, individually and on )    Case No. CV 08 1445 SC
    behalf of all others similarly situated,  )
12                                            )
                    Plaintiffs,               )    DEFENDANTS' NOTICE OF MOTION AND
13                                            )    MOTION TO DISMISS COMPLAINT AND
            vs.                               )    MOTION TO STRIKE
14                                            )    (Fed. R. Civ. P. 12(b)(6) and 12(f))
    HARMONIX MUSIC SYSTEMS, INC.,             )
15  VIACOM INC., and                          )    Date:    June 13, 2008
    ELECTRONIC ARTS, INC.,                    )    Time:    10:00 a.m.
16                                            )    Ctrm:    1
                    Defendants.               )    Judge:  Hon. Samuel Conti
17                                            )
                                              )    Complaint Filed:   March 13, 2008
18                                            )
                                              )    Oral Argument Requested
19  _____ )

20

21

22

23

24

25

26

27

28

1

## TABLE OF CONTENTS

2

Page

3    NOTICE OF MOTION AND MOTION TO DISMISS AND TO STRIKE ................................. 1

4    RELIEF SOUGHT ............................................................................................................. 1

5    STATEMENT OF ISSUES TO BE DECIDED (L.R. 7-4(a)(3)) .................................................. 1

6    MEMORANDUM OF POINTS AND AUTHORITIES ..................................................... 2

7    I.     INTRODUCTION ...................................................................................... 2

8    II.    STATEMENT OF FACTS ......................................................................... 5

9           THE PARTIES ........................................................................................... 5

10          A.     Defendant Harmonix Music Systems, Inc. .................................... 5

11          B.     Defendant Electronic Arts Inc. ...................................................... 5

12          C.     Defendant Viacom Inc. .................................................................. 5

13          D.     Plaintiff Michael Antonelli ............................................................ 5

14          THE COMPLAINT ................................................................................... 6

15   III.   ARGUMENT ............................................................................................. 8

16          A.     Plaintiff's First Cause Of Action For Unfair Competition Must Be
                   Dismissed ....................................................................................... 8

17
                   1.     California's Unfair Competition Law Does Not Apply To
18                        Actions Occurring Outside Of California That Injure Non-
                          Residents ............................................................................. 8
19
                   2.     Plaintiff Lacks Standing To Pursue A Claim Under The UCL ................. 10
20
                   3.     The Heightened Pleading Requirements Of Rule 9(b) Apply
21                        To The Complaint, Which Sounds In Fraud. ........................... 12

22                 4.     Plaintiff Fails To State A Claim Because He Fails To
                          Identify Any Representations Likely To Deceive A
23                        Reasonable Consumer .......................................................... 13

24          B.     Plaintiff's Second Cause of Action Under The Consumer Legal
                   Remedies Act Must Be Dismissed ............................................... 18
25
                   1.     Plaintiff Lacks Standing under the CLRA Because He Is A
26                        Non-Resident Who Did Not Buy *Rock Band* ........................... 18

27                 2.     Plaintiff Cannot Satisfy the CLRA's Reliance Requirement ................... 19

28

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

1862041                                    - i -

Page

3.    The Complaint Fails To State A Claim Under the CLRA Because The Alleged Representations And Omissions Are Not Actionable ...................................................................... 19

4.    Plaintiff Failed To Deliver Advance Notice Of His Claims As Required Before Filing A Complaint For Damages Under The CLRA ............................................................ 21

C.    Plaintiff's Third Cause Of Action For False Advertising Must Be Dismissed ................................................................................ 21

D.    Plaintiff's Fourth Cause of Action For Unjust Enrichment Is Improper And Must Be Dismissed .................................................. 23

E.    Viacom Is An Improper Defendant And Should Be Dismissed .......... 23

F.    Plaintiff's Prayer For Damages Must Be Stricken From The Complaint ............................................................................... 24

G.    Plaintiff's Purported Class Definition Is Invalid And Should Be Stricken .................................................................................. 25

IV.    CONCLUSION ................................................................................ 25

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

1862041

1

## TABLE OF AUTHORITIES

2

Page(s)

3

**Cases**

4

*Alaska Salmon Co. v. Pillsbury,*
   174 Cal. 1 (1916) ............................................................................. 8

5

*Bank of the West v. Superior Court,*
6   2 Cal. 4th 1254 (1992) ...................................................................... 24

7

*Bardin v. Daimler Chrysler Corp.,*
   136 Cal. App. 4th 1255 (2006) ................................................... 17, 18

8

*Buckland v. Threshold Enterprises, Ltd.,*
9   155 Cal. App. 4th 798 (2007) .................................................... 11, 22

10

*Cattie v. Wal-Mart Stores, Inc.,*
   504 F. Supp. 2d 939 (S.D. Cal. 2007) ............................................. 11

11

*Chern v. Bank of America,*
12   15 Cal. 3d 866 (1976) ...................................................................... 24

13

*Churchhill Village, L.L.C. v. General Electric Co.,*
   169 F. Supp. 2d 1119 (N.D. Cal. 2000) ........................................ 9, 22

14

*Consumer Advocates v. Echostar Satellite Corp.,*
15   113 Cal. App. 4th 1351 (2003) .................................................. passim

16

*Czechowski v. Tandy Corp.,*
   731 F. Supp. 405 (N.D. Cal. 1990) .................................................. 24

17

*Daugherty v. American Honda,*
18   144 Cal. App. 4th 824 (2006) .......................................................... 20

19

*Doe v. Texaco,*
   2006 WL 2053504 (N.D. Cal. July 21, 2006) ................................. 11

20

*Eichorn v. Palm, Inc.,*
21   2008 WL 102222 (Cal.App. 6 Dist. Jan 10, 2008) .......................... 12

22

*Faigman v. Cingular Wireless, LLC,*
   2007 WL 708554 (N.D. Cal. March 2, 2007) ...................... 12, 13, 19

23

*Falk v. General Motors Corp.,*
24   496 F. Supp. 2d 1088 (N.D. Cal. 2007) .......................................... 23

25

*Fantasy, Inc. v. Fogerty,*
   984 F.2d 1524 (9th Cir. 1993), rev'd on other grounds, 510 U.S. 517 (1994) ................ 24

26

*Freeman v. Time, Inc.,*
27   68 F.3d 285 (9th Cir. 1995) ....................................................... 14, 15

28

*Haskell v. Time, Inc.,*
   857 F. Supp. 1392 (E.D. Cal. 1994) ................................................ 16

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

1862041

- iii -

Page(s)

*In re Stac Elecs. Sec. Litig.*,
 83 F.3d 1399 (9th Cir. 1996)........................................................................ 22

*In re Syntex Corp. Sec. Litig.*,
 95 F.3d 922 (9th Cir. 1996) ........................................................................... 8

*Klein v. Earth Elements, Inc.*,
 59 Cal. App. 4th 965 (1997)......................................................................... 16

*Korea Supply v. Lockheed Martin Corp.*,
 29 Cal. 4th 1134 (2003) ............................................................................... 11

*Laster v. T-Mobile USA, Inc.*,
 407 F. Supp. 2d 1181 (S.D. Cal. 2005) ............................................. 10, 11, 22

*Lavie v. Proctor & Gamble, Co.*,
 105 Cal. App. 4th 496 (2003) ....................................................................... 14

*Long v. Hewlett-Packard Co.*,
 2007 WL 2994812 (ND Cal. July 27, 2007) ................................................ 20

*Madrid v. Perot Systems Corp.*,
 130 Cal. App. 4th 440 (2005) ....................................................................... 11

*McBride v. Boughton*,
 123 Cal. App. 4th 379 (2004)................................................................... 23, 24

*Melchior v. New Line Productions, Inc.*,
 106 Cal. App. 4th 779 (2003) ....................................................................... 23

*Navarro v. Block*,
 250 F.3d 729 (9th Cir. 2001) .......................................................................... 8

*Nordberg v. Trilegiant Corp.*,
 445 F. Supp. 2d 1082 (N.D. cal. 2006) ................................................... 18, 24

*North Star Int'l v. Arizona Corp.* Comm'n,
 720 F.2d 578 (9th Cir. 1983).......................................................................... 8

*Norwest Mortgage, Inc. v. Superior Court*,
 72 Cal. App. 4th 214 (1999)................................................................ 8, 9, 10

*O'Brien v. Camisasca Automotive Mfg., Inc.*,
 __ Cal. App. __, 73 Cal. Rptr. 3d 911 (Cal. App. 2 Dist. Mar 27, 2008) .................. 12, 19

*Osborne v. Subaru of America, Inc.*,
 198 Cal. App. 3d 646 (1988).......................................................................... 17

*Outboard Marine Corp. v. Superior Court*,
 52 Cal. App. 3d 30 (1975).............................................................................. 21

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

1862041

Page(s)

*People v. Casa Blanca Convalescent Homes, Inc.*,
    159 Cal. App. 3d 509 (1984)................................................................. 17

*Schauer v. Mandarin Gems of California, Inc.*,
    125 Cal. App. 4th 949 (2005)................................................................ 19

*Scripps Clinic v. Superior Court*,
    108 Cal. App. 4th 917 (2003).......................................................... 17, 18

*Sprewell v. Golden State Warriors*,
    266 F.3d 979 (9th Cir. 2001)................................................................ 12

*Standfacts Credit Services, Inc. v. Experian Information Solutions, Inc.*,
    405 F. Supp. 2d 1141 (C.D. Cal. 2005) .................................................. 9

*State Farm Fire & Cas. Co. v. Superior Court*,
    45 Cal. App. 4th 1093 (1996)........................................................... 16, 17

*Stickrath v. Globalstar, Inc.*,
    527 F. Supp. 2d 992 (N.D. Cal. 2007) ..................................... 12, 13, 14, 19

*Vess v. Ciba-Geigy Corp.*,
    317 F.3d 1097 (9th Cir. 2003)............................................................... 12

*Von Grabe v. Sprint PCS*,
    312 F. Supp. 2d 1285 (S.D. Cal. 2003) ................................................. 21

*Wagh v. Metris Direct, Inc.*,
    2005 WL 1253940 (Cal. Ct. App. May 27, 2005) ................................. 18

*Walker v. USAA Cas. Ins. Co.*,
    474 F. Supp. 2d 1168 (E.D. Cal. 2007) ................................................ 11

*Whiteside v. Tenet Healthcare Corp.*,
    101 Cal. App. 4th 693 (2002)............................................................... 16

*Wilens v. TD Waterhouse Group, Inc.*,
    120 Cal. App. 4th 746 (2003)............................................................... 19

**Statutes**

Cal. Bus. & Prof. Code § 17203.............................................................. 10, 11

Cal. Bus. & Prof. Code § 17204.......................................................... 3, 10, 11

Cal. Bus. & Prof. Code § 17535.............................................................. 3, 10

Cal. Bus. & Prof. Code §§ 17200 *et seq.*.............................................. 3, 13, 17

Cal. Bus. & Prof. Code §§ 17500 *et seq.*................................................. 3, 22

Cal. Civ. Code § 1761(d) ............................................................................. 4

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

Page(s)

Cal. Civ. Code § 1770(a) .................................................................................... 18, 20

Cal. Civ. Code § 1782 ........................................................................................... 21, 25

Cal. Civ. Code §§ 1750 et seq. ................................................................................... 3

**Rules**

Fed. R. Civ. P. 12(b)(6) .................................................................................... 1, 8, 12

Fed. R. Civ. P. 12(f) ............................................................................................. 1, 24

Fed. R. Civ. P. 9(b) ........................................................................................... passim

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

1862041

**NOTICE OF MOTION AND MOTION TO DISMISS AND TO STRIKE**

TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE THAT on June 13, 2008, at 10:00 a.m. or as soon thereafter as the matter may be heard in the courtroom of the Honorable Samuel Conti, located at 450 Golden Gate Avenue, San Francisco, California, Courtroom 1, 17th Floor, defendants Harmonix Music Systems, Inc., Viacom Inc. and Electronic Arts Inc. (collectively, "Defendants") shall, and hereby do move pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure to dismiss the Class Action Complaint (the "Complaint") filed by plaintiff Michael Antonelli ("Plaintiff") on March 13, 2008, on the grounds that each of the four causes of action pleaded by Plaintiff fail to state a claim upon which relief can be granted against the Defendants; and pursuant to Rule 12(f) to strike Plaintiff's demand for monetary damages and proposed class definition, on the grounds that Plaintiff did not give Defendants the requisite thirty days notice of his claims under the Consumer Legal Remedies Act prior to filing a Complaint for damages and that Plaintiff's class definition does not comport with the standing requirements of Plaintiff's substantive causes of action. This motion is based upon this Notice of Motion and Motion, the following memorandum of points and authorities, the Declaration of Richard Simon, the pleadings and papers filed in this action, such oral argument as the Court may entertain, and such other matters as may be presented to the Court at or before the time of hearing.

**RELIEF SOUGHT**

Defendants seek an order dismissing all four causes of action of Plaintiff's Complaint and striking from the Complaint the proposed class definition and the prayer for damages.

**STATEMENT OF ISSUES TO BE DECIDED (L.R. 7-4(a)(3))**

1.  The California consumer protection statutes upon which the Complaint relies do not apply to the challenged conduct, because the Plaintiff is not a resident of California and the complaint alleges no conduct that occurred in California;

2.  Plaintiff lacks standing to sue under the Unfair Competition Law, Cal. Bus. & Prof. Code §§ 17200 *et seq.* (the "UCL"); the False Advertising Law, Cal. Bus. & Prof. Code §§ 17500 *et seq.* (the "FAL"); and the Consumer Legal Remedies Act, Cal. Civ. Code §§ 1750 *et seq.*

("CLRA") because Plaintiff neither purchased the product that is the subject of this lawsuit nor relied on any advertising or representations about the product, and thus Plaintiff did not suffer a "loss of money or property" as required to support standing to bring these claims.

3. Plaintiff's causes of action under the UCL, CLRA and FAL are not pleaded with particularity as required by Federal Rule of Civil Procedure 9(b);

4. Even if the Plaintiff had standing, the Complaint fails to state a claim under the UCL, the FAL and CLRA because the statements and conduct alleged to have occurred were not as a matter of law likely to mislead a reasonable consumer;

5. Plaintiff's fourth cause of action fails to state a claim because California does not recognize an independent cause of action for unjust enrichment;

6. Viacom Inc. ("Viacom") must be dismissed as a defendant because Plaintiff has not pleaded any involvement by Viacom in the activities giving rise to the Complaint;

7. Plaintiff's prayer for damages must be stricken because he has failed to comply with the CLRA's pre-filing notice requirements; and

8. Plaintiff's purported class certification must be stricken because it does not comport with the standing requirements of the UCL, FAL and CLRA.

<u>**MEMORANDUM OF POINTS AND AUTHORITIES**</u>

**I.    <u>INTRODUCTION</u>**

This lawsuit arises out of the launch of software and hardware that can be used to play a popular new video game entitled *Rock Band*.  As the name suggests, the *Rock Band* software allows multiple players to form a "band" to compete in video-based musical challenges using a microphone and game controllers that resemble an electric guitar and a drum set.  The game can be played by one to four players at one time, and players can, if they choose, use the software, up to three controllers, and a microphone to form a rock band of a lead guitarist, bass guitarist, drummer, and vocalist.  The game was developed by Harmonix Music Systems, Inc. ("Harmonix") and distributed by Electronic Arts Inc. ("Electronic Arts"), and launched in November 2007.  It is currently available for several popular video game consoles including Sony's  PlayStation 3 ("PS3").

The gravamen of Plaintiff's Complaint appears to be his contention that because the game software was sold in a bundle with a microphone, a drum controller, and one guitar controller, the Defendants "deceptively and misleading marketed the PS3 version of *Rock* Band knowing that the game could not be played as advertised, absent significant additional investment" because a player would be "forced to purchase a second guitar controller in order to play the game as it was advertised." Complaint ¶¶ 21-22. Plaintiff separately alleges that some guitar controllers were defective and had to be returned. *Id.* at ¶ 24. He also alleges that Defendants stated that third-party controllers would be compatible with *Rock Band* on the PS3 game console, although the statement from a "chat site" he recites in the Complaint does not refer to the PS3 game console at all. *Id.* at ¶ 17. Based on these purportedly fraudulent and deceptive business practices, Plaintiff alleges that Defendants violated California's Unfair Competition Law, Cal. Bus. & Prof. Code §§ 17200 *et seq.* (the "UCL"), the False Advertising Law, Cal. Bus. & Prof. Code §§ 17500 *et seq.* (the "FAL"), and the Consumer Legal Remedies Act, Cal. Civ. Code §§ 1750 et seq. ("CLRA"). He also asserts a claim for unjust enrichment.

The Complaint suffers from a number of fatal defects, and must be dismissed in its entirety. *First*, Plaintiff Antonelli is an Oregon resident who alleges no connection to California. Defendants Viacom Inc ("Viacom") and Harmonix are also not residents of California. Although Electronic Arts alone is located in California, the Complaint does not allege that any conduct (unlawful or otherwise) occurred in California. Absent a substantive connection between Plaintiff's allegations and this state, Plaintiff has no legal basis to seek redress via the extraterritorial application of California consumer protection statutes.

*Second*, Plaintiff cannot pursue this Complaint because he lacks standing. Following the passage of Proposition 64, which sought to mitigate widespread abuse of the UCL and FAL, standing to sue under these statutes is confined to a plaintiff who has "suffered injury in fact and has lost money or property" as a result of unfair competition or false advertising. Bus. & Prof. Code §§ 17204 and 17535. Plaintiff did not purchase *Rock Band*, but instead received it for free, as a gift. Furthermore, Plaintiff does not allege that he was aware of, let alone relied upon, any allegedly misleading advertising and marketing materials, nor does he allege that he received a

1  defective guitar controller. In these circumstances, Plaintiff lacks standing to sue under the UCL or

2  FAL because he did not suffer any injury as a result of unfair competition or false advertising.

3      *Third*, Plaintiff lacks standing under the CLRA because only a "consumer who suffers any

4  damage as a result of" proscribed practices may bring an action. Civ. Code § 1780(a). Further, a

5  "consumer" is defined as "an individual who seeks or acquires, by purchase or lease, any goods or

6  services for personal, family or household purposes.'" Civ. Code § 1761(d). Antonelli is neither a

7  "consumer" nor has he suffered damage; accordingly, he also lacks standing under the CLRA.

8      *Fourth*, even if Antonelli had standing, to state a cause of action under UCL, FAL or

9  CLRA, a plaintiff must allege that the defendant made representations likely to deceive a

10  reasonable consumer. *Consumer Advocates v. Echostar Satellite Corp.*, 113 Cal. App. 4th 1351,

11  1361 (2003).

12      *Fifth*, where a complaint sounds in fraud – here Defendants are accused of "fraud and

13  deception in the marketing and sale" of *Rock Band*, Complaint ¶ 32(b) – the heightened pleading

14  standard of Federal Rule of Civil Procedure 9(b) applies. Yet Plaintiff has failed to identify, let

15  alone with particularity, a single statement likely to mislead a reasonable consumer. He has not

16  identified any statement by Defendants that the *Rock Band* software would be bundled with two

17  guitar controllers; or that third-party controllers would be compatible with *Rock Band* on the PS3

18  game console. He fails also to identify any representation about the quality of the controllers.

19      *Sixth*, Plaintiff's cause of action for unjust enrichment must fail with his statutory claims

20  because California law recognizes that unjust enrichment is simply a demand for restitution and

21  not an independent cause of action.

22      In addition, Plaintiff's prayer for "damages, including actual, compensatory, and punitive

23  damages, as appropriate" must be stricken from the Complaint. Damages are never an available

24  remedy under either the UCL or FAL or for unjust enrichment. Although damages may be

25  available under the CLRA, a complaint for damages under the CLRA may only be filed thirty days

26  *after* notice is given to the Defendants in the manner prescribed by section 1782 of the Civil Code,

27  during which time the Defendants are given a grace period to cure any unlawful conduct. Plaintiff

28  failed to give the requisite notice and still has not done so. Although Plaintiff purported to give

1  the notice as part of the Complaint itself, *see* ¶ 57, that notice is defective because it did not

2  comply with the statutory notice procedures and, in any event, was not given 30 days before filing

3  the Complaint, and thus cannot support the prayer for damages included in the Complaint.

4      Finally, Plaintiff's class definition, "all persons and entities in the United States who

5  purchased or received as a gift the Playstation 3® version of *Rock Band* from Defendants,"

6  Complaint ¶ 25, should be stricken.  Non-resident plaintiffs may not use California's consumer

7  protection statutes to regulate conduct unconnected with this state, so a nationwide class is

8  inappropriate.  Moreover, gift recipients are not "consumers" within the CLRA and, as such, they

9  lack the monetary injury requisite for standing to pursue UCL or FAL claims.

10  **II.    STATEMENT OF FACTS**

11      **THE PARTIES**

12      **A.    Defendant Harmonix Music Systems, Inc.**

13      Defendant Harmonix Music Systems, Inc. is a video game development company located

14  in Cambridge, Massachusetts and incorporated in Delaware.  Harmonix specializes in music-

15  related games and was the original developer of the *Guitar Hero* and *Karaoke Revolution* game

16  franchises.  In 2006, Harmonix was acquired by MTV Networks, a division of Viacom

17  International Inc.  Harmonix is the developer of *Rock Band*.  MTV Networks' games division,

18  which operates in New York City, published *Rock Band*.

19      **B.    Defendant Electronic Arts Inc.**

20      Defendant Electronic Arts Inc. is a public company primarily involved in the development,

21  marketing, publishing and distributing of video games.  It is based in Redwood City, California

22  and incorporated in Delaware.  Electronic Arts distributes and markets *Rock Band*.

23      **C.    Defendant Viacom Inc.**

24      Defendant Viacom Inc. is a New York City-based entertainment and media company that

25  is incorporated in Delaware.  Viacom Inc. is the parent corporation of Viacom International Inc.

26      **D.    Plaintiff Michael Antonelli**

27      Plaintiff Michael Antonelli is a resident of Portland, Oregon.  In late 2007, he received the

28  *Rock Band* software, bundled with a microphone, a drum-set controller, and a guitar controller, as

1   a gift.  Complaint ¶ 5.  Plaintiff does not allege that he, or whoever gave him a copy of *Rock Band*,

2   has any connection to California.  *Id.*

3       **THE COMPLAINT**

4       Plaintiff filed this Class Action Complaint on March 13, 2008.  The Complaint concerns

5   the video game *Rock Band*.  *Rock Band* is a popular new game that has two components: software

6   and hardware.  The *Rock Band* software allows one to four players to form a "rock band" to

7   compete in challenges involving popular music.  A computer disc containing the *Rock Band*

8   software is inserted into a video game console player, such as the Microsoft X-Box 360 or the

9   Sony PlayStation 3 ("PS3"), which enables the software to display the game on a television set.

10      The *Rock Band* software permits a player to use various forms of hardware – a microphone

11  and plastic "controllers" shaped like musical instruments – to operate the software and play the

12  game, both in person and with other players remotely over the internet.  These controllers perform

13  essentially the same function as a mouse used to operate a computer, except that they look like

14  musical instruments and are customized to operate the game.  The controllers currently in the

15  market are shaped like an electric guitar and a drum set.  The *Rock Band* software allows players,

16  if they choose, to connect up to three controllers and a microphone to the game console, and thus

17  to form a virtual rock band consisting of as many as four players, which can include a lead

18  guitarist, a bass guitarist, a drummer, and a vocalist.  Fewer than four people can play, and solo

19  players may choose any role in the band.  Players can assemble and play in person, or remotely via

20  the internet.  Upon initial release in November 2007, the *Rock Band* software was sold in a box

21  also containing one guitar controller, one drum controller and one microphone to make the *Rock*

22  *Band Special Edition*.  It appears that Plaintiff received a gift of this *Special Edition* bundle that

23  was designed to operate on the PS3.

24      Although the Complaint is vague in the particulars, the crux of the allegations is that the

25  Defendants engaged in fraud and deception in the marketing of *Rock Band* bundles for the PS3

26  because Plaintiff and the proposed class members are allegedly unable to play the game with four

27  players unless they acquire an additional guitar controller.  *See, e.g.*, Complaint ¶¶ 2, 21, 32 and

28  42.  There is no allegation that the *Rock Band* software does not work properly and as advertised

1   with four players who have two guitar controllers, a drum controller, and a microphone; rather, the

2   Complaint is premised on allegations that product marketing was misleading because the bundled

3   edition of the game, such as Plaintiff received, included a microphone, a guitar controller and a

4   drum controller along with the software, but no second guitar controller. *Id.* at ¶ 15. Plaintiff,

5   apparently unable to find any other players in Portland who also bought the game and thus have a

6   guitar controller of their own, and unwilling to form a band with players remotely over the

7   internet, alleges that he is "unable" to experience four person play without buying himself a

8   second guitar controller. *Id.* at 22. Further, Plaintiff alleges that to acquire a second guitar

9   controller of his own he would need to purchase a complete *Rock Band* bundle because, he claims,

10  stand-alone guitar controllers are not available, and the guitar controllers released in the PS3

11  format by Activision for its popular game *Guitar Hero* are not compatible with *Rock Band* in the

12  PS3 format.[1] *Id.* at 18. Separately, Plaintiff claims that some *Rock Band* guitar controllers – but

13  apparently not his own – were defective and had to be replaced. *Id.* at 24.

14         The Complaint is comprised mostly of conclusory allegations, virtually none of which are

15  actually related to the Plaintiff's personal experience. Plaintiff does not allege that he paid for the

16  game. He does not allege that he received a defective guitar controller. He does not allege that he

17  attempted to return any part of his *Rock Band* bundle. And, although this purports to be a lawsuit

18  about false advertising, Plaintiff does not allege that he read or was aware of any of the press

19  releases or Internet postings surrounding the *Rock Band* launch that are referenced in the

20  Complaint. Indeed, Plaintiff does not even allege that he had any knowledge of *Rock Band* before

21  receiving the game as a gift, let alone that he had expectations concerning game play, package

22  contents, or the availability of additional guitar controllers. Nowhere in the Complaint does

23  Plaintiff allege that Defendants represented that the bundled edition of the game included two

24  guitar controllers or that Defendants promised to sell guitar controllers separately.

25         The Complaint also lacks any allegations setting forth which particular defendant did what,

26  or where any alleged misconduct occurred. Plaintiff concludes that Defendants "conspired to

27  defraud residents of this state," Complaint ¶ 9, and that California is "the place where significant

28  _____
    [1] Plaintiff does not allege that he actually has a *Guitar Hero* controller.

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

- 7 -

1  decision-making with respect to the PS3 version of *Rock Band* occurred," ¶ 34, but alleges

2  absolutely no facts, for example, that any part of the game packaging, promotion or distribution

3  took place in California.

4  **III.    ARGUMENT**

5        A motion to dismiss tests the legal sufficiency of a complaint.  *See* Fed. R. Civ. P.

6  12(b)(6); *North Star Int'l v. Arizona Corp. Comm'n*, 720 F.2d 578, 581 (9th Cir. 1983).  A

7  complaint should be dismissed under Rule 12(b)(6) "where there is no cognizable legal theory or

8  an absence of sufficient facts alleged to support a cognizable legal theory."  *Navarro v. Block*, 250

9  F.3d 729, 732 (9th Cir. 2001).  In ruling on a motion to dismiss, a court must accept as true all

10  material allegations of fact in the complaint, but need not accept conclusory allegations or

11  unwarranted inferences.  *In re Syntex Corp. Sec. Litig.*, 95 F.3d 922, 926 (9th Cir. 1996).

12        **A.    Plaintiff's First Cause Of Action For Unfair Competition Must Be Dismissed**

13              **1.    California's Unfair Competition Law Does Not Apply To Actions**

14                   **Occurring Outside Of California That Injure Non-Residents**

15        Plaintiff Michael Antonelli, a resident of Oregon, is not a California resident.  Two of the

16  defendants, Viacom and Harmonix, are also not California residents. Although the third defendant,

17  Electronic Arts, is headquartered in California, Plaintiff does not allege that any of the defendants,

18  including Electronic Arts, committed any misconduct in California.  Because the UCL regulates

19  unlawful, unfair and fraudulent conduct only if it occurs <u>in California</u>, Plaintiff cannot pursue a

20  claim under the UCL.  *Norwest Mortgage, Inc. v. Superior Court*, 72 Cal. App. 4th 214, 222, 228

21  (1999) ("the Legislature did not intend the statues of this state to have force or operation beyond

22  the boundaries of the state.") (citing *Alaska Salmon Co. v. Pillsbury*, 174 Cal. 1, 4 (1916)).

23        In *Norwest*, the California Court of Appeal held that the UCL does not reach conduct

24  occurring outside of California, particularly when (as here with respect to Viacom and Harmonix)

25  the claims are made by non-resident plaintiffs against non-resident defendants.  72 Cal. App. 4th

26  at 217.  The defendant in that case was incorporated in California (although primarily operating

27  elsewhere) and conducted business in California sufficient to subject it to personal jurisdiction;

28  even so, the court found that "it would be arbitrary and unfair and transgress due process

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

1862041

- 8 -

MOTION TO DISMISS COMPLAINT AND MOTION TO STRIKE

1   limitations" to subject the defendant to UCL claims by non-resident plaintiffs where the conduct at

2   issue did not occur in the state. *Id.* at 255. Accordingly, the Court of Appeal reversed the trial

3   court's certification of nationwide class of consumers and held that a trial court erred in holding

4   that the "plaintiff's UCL claims applied to all class members regardless of the state of their

5   residence and regardless of the state in which [defendant] engaged in the [allegedly unlawful]

6   conduct." *Id.* at 222.

7          A court in the Northern District of California reached a similar conclusion in *Churchill*

8   *Village, L.L.C. v. General Electric Co.*, 169 F. Supp. 2d 1119 (N.D. Cal. 2000). There, applying

9   *Norwest* while evaluating the merit of UCL claims for preliminary injunction purposes, the

10  District Court held that even when an out-of-state defendant's alleged conduct was directed

11  toward California plaintiffs and the alleged conduct occurred in California, only California

12  plaintiffs could bring UCL claims. Non-resident plaintiffs' UCL claims were barred because the

13  alleged conduct pertaining *to them* was not alleged to have occurred in California. *Id.* at 1127.

14         The result is no different if, as here, the Complaint alleges that an out-of-state defendant

15  conspired to violate the UCL with an in-state defendant. A federal court recently approved of

16  *Norwest* and granted a motion to dismiss a UCL action with respect to claims brought by non-

17  resident plaintiffs against non-resident defendants, even though the latter were alleged to have

18  conspired with a California defendant. *Standfacts Credit Services, Inc. v. Experian Information*

19  *Solutions, Inc.*, 405 F. Supp. 2d 1141, 1148 (C.D. Cal. 2005).

20         *Norwest* and its progeny require dismissal of Antonelli's UCL claims. Viacom and

21  Harmonix are residents of New York and Massachusetts, respectively. Complaint ¶¶ 6, 8.

22  Electronic Arts is a California resident, like the Defendant in *Norwest*. It is alleged generally that

23  the Defendants "transact substantial and continuous business in the State of California … [and]

24  performed contracts substantially connected with this State," and that California is "the site of

25  EA's headquarters and the place where significant decision-making with respect to the PS3

26  version of *Rock Band* occurred." *Id.* at ¶¶ 9, 34. While that may be sufficient to confer *in*

27  *personam* jurisdiction, there is no allegation that any of the alleged activities giving rise to the

28  Complaint, such as development, packaging, marketing, shipping, fulfillment, etc., took place in,

1  or were directed from, California.  There is no allegation that deceptive or unlawful conduct

2  occurred in California.  There is no allegation that Plaintiff suffered injury in California.  In fact,

3  the only statements in the entire Complaint attributed to Defendants include a press-release issued

4  by Harmonix, which is in Massachusetts, and a comment allegedly made by Jason Booth, who

5  was a Harmonix developer.  Complaint ¶¶ 15, 17.  Given the absence of alleged California

6  misconduct, Plaintiff cannot sustain an action under California's UCL.

7      For the same reason, a nationwide class action is inappropriate, and the action, even

8  assuming *arguendo* that it could proceed at all, would have to be restricted to a California class,

9  which of course would have to be represented by a California plaintiff.  *Norwest*, 72 Cal. App. 4th

10  at 222, n. 9 ("[W]e conclude plaintiff's UCL claim cannot form the basis for the nationwide class

11  sought by plaintiffs, and therefore the trial court's certification order must be vacated.").

12          **2.    Plaintiff Lacks Standing To Pursue A Claim Under The UCL[2]**

13      Plaintiff also lacks standing under the UCL because he has not alleged a legally cognizable

14  injury.  Until recently, the UCL contained no injury-in-fact requirement.  However, in 2004, the

15  voters of California, finding that "[f]rivolous unfair competition lawsuits clog our courts" adopted

16  Proposition 64 which requires that a plaintiff under the UCL have suffered actual injury by reason

17  of the allegedly unfair practice.  Business & Professions Code section 17204 now provides:

18          Actions for any relief pursuant to this chapter shall be prosecuted . . .
            by any person who has suffered injury in fact and has lost money or
19          property as a result of such unfair competition.

20      As amended, section 17204 requires that "person seeking to represent claims on behalf of

21  others must show that (1) [he] has suffered actual injury in fact, and (2) such injury occurred as a

22  result of the defendant's alleged unfair competition or false advertising."  *Laster v. T-Mobile USA,*

23  *Inc.*, 407 F. Supp. 2d 1181, 1194 (S.D. Cal. 2005).

24

25      [2] In addition to his class action allegations, Plaintiff purports to seek relief as a "private
26  attorney general."  Complaint ¶ 38.  Such non-class representative actions are no longer allowed
    under the UCL and the FAL.  Following Proposition 64, the UCL provides that "[a]ny person may
27  pursue representative claims for relief on behalf of others only if the claimant meets the standing
    requirements of Section 17204 and complies with Section 382 [class certification requirements]."
28  Bus. & Prof. Code § 17203*; see also* § 17535 (analogous FAL provision).  As Plaintiff lacks
    standing to pursue an individual claim, he cannot pursue a non-class representative action.

Section 17204's requirement that a plaintiff have "lost money or property as a result of such unfair competition" has been interpreted to limit standing under the UCL "to individuals who suffer losses of money or property that are eligible for restitution." *Buckland v. Threshold Enterprises, Ltd.*, 155 Cal. App. 4th 798, 818 (2007); *Walker v. USAA Cas. Ins. Co.*, 474 F. Supp. 2d 1168, 1172 (E.D. Cal. 2007) ("to have standing to assert any UCL claim, Plaintiff must show either prior possession or a vested legal interest in the money or property allegedly lost."). Restitution under the UCL is limited to the return of money to persons from whom it was taken or who had an ownership interest in it. *Korea Supply v. Lockheed Martin Corp.*, 29 Cal. 4th 1134, 1144-49 (2003); *Madrid v. Perot Systems Corp.*, 130 Cal. App. 4th 440, 453 (2005).

Here, Plaintiff – who never purchased *Rock Band* – is not entitled to restitution of the monies that Defendants allegedly "received from customers who purchased *Rock Band.*" *See* Complaint ¶ 66; *also* Civ. Code § 17203 (no entitlement to "relief on behalf of others" absent a certified class). Further, Plaintiff has also not alleged that his guitar controller was defective, or that he incurred costs in seeking to return it. In sum, Plaintiff has not alleged any connection between the recovery that he seeks under the UCL and any funds in which he has or had an ownership interest. Plaintiff's request amounts to disgorgement of profits, which is precisely the type of relief that is impermissible under the UCL. *Korea Supply*, 29 Cal. 4th at 1149 ("This court has never approved of non-restitutionary disgorgement of profits as a remedy under the UCL."). Accordingly, because Plaintiff cannot show a "loss of money or property" within the meaning of Section 17204 and his UCL claim must be dismissed for lack of standing.

In addition to showing injury in fact, the UCL as amended by Proposition 64 requires that a plaintiff show that "such injury occurred *as a result of* the defendant's alleged unfair competition." *Laster*, 407 F. Supp. 2d at 1194 (emphasis added). A number of courts, including in the Northern District, have held that this language imposes a reliance requirement. *See, e.g., id.* at 1194; *Doe v. Texaco*, 2006 WL 2053504 at *3 (N.D. Cal. July 21, 2006) ("[T]he 'as a result of' language in the statute means that, for a plaintiff to state a claim, he or she must allege that they *relied* upon defendant's acts of unfair competition, and, *as a result*, suffered injury in fact.") (emphasis in original); *Cattie v. Wal-Mart Stores, Inc.*, 504 F. Supp. 2d 939, 948 (S.D. Cal. 2007)

1   (Weighing conflict arguments and concluding that reliance is required to honor "the intent of

2   Proposition 64 to limit rights of action.").

3        Plaintiff cannot have suffered a loss "as a result of" any purported misrepresentation where

4   he did not purchase *Rock Band*. *See, e.g., Eichorn v. Palm, Inc.*, 2008 WL 102222 at * 7 (Cal.

5   App. 6 Dist. Jan 10, 2008) (unpublished) (plaintiff "clearly had not relied on any of [defendant's]

6   allegedly deceptive advertising," where he did not purchase the product but instead received it as a

7   gift). Moreover, even if Plaintiff had purchased the product, he has not alleged that he was even

8   aware of the game prior to receiving it, that that he read any of the purportedly misleading

9   marketing materials, or that he examined the game packaging at a retail outlet. Absent such

10  reliance, the Complaint must be dismissed for failure to state a claim. *See O'Brien v. Camisasca*

11  *Automotive Mfg., Inc.*, __ Cal. App. __, 73 Cal. Rptr. 3d 911, 921 (Cal. App. 2 Dist. Mar 27, 2008)

12  (plaintiff could not demonstrate reliance and therefore lacked standing to pursue a UCL claim

13  predicated on false designation of product origin where he was unaware of any designation until

14  after purchasing the product).

15        **3.      The Heightened Pleading Requirements Of Rule 9(b) Apply To The**

16               **Complaint, Which Sounds In Fraud.**

17        Even assuming, *arguendo*, that Plaintiff had standing and had relied on the alleged conduct

18  of Defendants, the Complaint still fails to state a claim. In the first place, there are no specific

19  allegations of misconduct. Under typical Rule 12(b)(6) scrutiny, a plaintiff need only provide

20  factual allegations which support the essential elements of the claim (although conclusory

21  allegations, unwarranted deductions and inferences are *not* sufficient). *Sprewell v. Golden State*

22  *Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). However, in this case the heightened pleading

23  standard of Rule 9(b) applies, requiring Plaintiff to allege the "who, what, when, and how of the

24  misconduct charged." *Vess v. Ciba-Geigy Corp.*, 317 F.3d 1097, 1106 (9th Cir. 2003).

25        Plaintiff triggered the heightened pleading requirement by repeatedly asserting that

26  Defendant engaged in fraud and other intentional misconduct. *Faigman v. Cingular Wireless,*

27  *LLC*, 2007 WL 708554 (N.D. Cal. March 2, 2007) (heightened pleading required for UCL, CLRA

28  and FAL claims where allegations grounded in fraud); *Stickrath*, 527 F. Supp. 2d at 1000 (same).

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

1862041

- 12 -

MOTION TO DISMISS COMPLAINT AND MOTION TO STRIKE

1   This is true, even though fraud is not a necessary element of an unfair competition claim, if a

2   plaintiff has alleged a unified course of fraudulent conduct and relies upon that conduct as basis of

3   his claims, in other words, when a complaint "sounds in fraud." *Faigman*, 2007 WL 708554 at

4   \*3; *Stickrath*, 527 F. Supp. 2d at 997-98.

5        Such is the case here, where accusations of fraudulent and intentional misconduct gird

6   Plaintiff's every allegation, beginning with the very first paragraph: "This is a Class action against

7   Defendants for fraudulently marketing – and improperly inducing consumers into purchasing – the

8   interactive video game *Rock Band*….," Complaint ¶ 1; *see also* Complaint at ¶ 9 "[defendants]

9   conspired to defraud residents of this state;" ¶ 32; "[common questions include] whether

10   Defendants engaged in fraud and deception;" ¶ 45 "Defendants defrauded plaintiff and the Class;"

11   ¶ 56 "Defendants' practices constitute misrepresentations and/or concealments… offered to

12   induce, calculated to induce, and in fact induced a false belief."  These repeated accusations that

13   Defendants acted fraudulently "go hand in hand [] with all the allegations related to how

14   Defendant advertised its [product]" so "the heightened pleading requirements of Rule 9(b) apply

15   to Plaintiff's claims *in their entirety*."  *Stickrath*, 527 F. Supp. 2d at 998 (italics added).

16         **4.     Plaintiff Fails To State A Claim Because He Fails To Identify Any**

17                  **Representations Likely To Deceive A Reasonable Consumer**

18        California Business & Professions Code § 17200 prohibits business acts or practices that

19   are (1) "unlawful," (2) "unfair" or (3) "fraudulent."  Plaintiff asserts his claims under each of these

20   three prongs, alleging that Defendants engaged in "unfair, unlawful, and fraudulent business

21   practice[s]," and that "[s]pecifically, Defendants marketed, advertised, and sold *Rock Band*…

22   through false and deceptive advertisements that include misrepresentations, either express or

23   implied, that *Rock Band* was reliable and of superior quality, has qualities, uses, or benefits that it

24   does not provide, and is suited for the uses for which it is advertised."  Complaint ¶¶ 42, 44.[3]

25  

26   [3] Although it is not entirely clear, the First Cause of Action appears also to include an alleged omission, namely, "Defendants failed to disclose to consumers that there was no compatibility with *Guitar Hero III* game controllers, and that stand-alone guitar controllers were

27   not available."  Complaint ¶ 45.  If an omission is part of Plaintiff's UCL claim, he must plead materiality, and he must do so not with a "legal conclusion rather than a factual allegation."  To

28   establish materiality, he must allege that "had the omitted information disclosed [he] would have been aware of it and behaved differently."  *Stickrath v. Globalstar, Inc.*, 527 F. Supp. 2d 992,

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

1862041          MOTION TO DISMISS COMPLAINT AND MOTION TO STRIKE

1    Regardless of the specific theory of the "prong" alleged, it is well-settled law that where a

2    claim under the UCL is premised upon fraudulent or deceptive marketing, a Plaintiff must allege

3    that Defendant's statements were likely to deceive a reasonable consumer.  *See Freeman v. Time,*

4    *Inc.*, 68 F.3d 285, 289 (9th Cir. 1995); *Consumer Advocates*, 113 Cal. App. 4th at 1360; *Stickrath*,

5    527 F. Supp.2d at 998 (claim dismissed where likelihood of deception not pleaded with sufficient

6    particularity).  The term "likely" means probable, not simply possible.  As the California Court of

7    Appeal explained in the context of false advertising and unfair competition claims:

8              'Likely to deceive' implies more that a mere possibility that the
               advertisement might conceivably be misunderstood by some few
9              consumers viewing it in an unreasonable manner.  Rather, the phrase
               indicates that the ad is such that it is probable that a significant portion
10             of the general consuming public or of targeted consumers, acting
               reasonably under the circumstances, could be misled.

11

12   *Lavie v. Proctor & Gamble, Co.*, 105 Cal. App. 4th 496, 508 (2003).

13   As explained below, Plaintiff has not pleaded any misrepresentation that would likely

14   deceive a reasonable consumer, and he has certainly not done so with the requisite particularity of

15   Rule 9(b).  As a result he cannot state an actionable claim under any of the UCL's three prongs.

16         **a.    Plaintiff fails to plead with any particularity factual allegations**

17                **supporting the "fraudulent" prong of the UCL.**

18   This "fraudulent" prong of the UCL requires Plaintiff to allege a fraudulent statement or

19   advertising that, as explained above, is likely to deceive a reasonable consumer.  *Freeman*, 68 F.3d

20   at 289.  Beyond the parade of vague and repetitive accusations of deception, the Complaint

21   ultimately identifies only two instances where Defendants allegedly represented that *Rock Band*

22   supported four-person play:  (1) a press release from April 2007 stating that "*Rock Band* will

23   allow gamers to perform music from the world's biggest rock artists with their friends as a virtual

24   band using drum, bass/lead guitar and microphone peripherals, in addition to offering deep online

25   connectivity," Complaint ¶ 15; and (2) "[p]ictures and 'screen shots' of the game on the box in

26   which the game was shipped showed four members of a band playing the game.  Text on the box

27
     1000 (N.D. Cal. 2007) (internal quotation omitted).  Plaintiff must also show that Defendants had
28   a duty to disclose.  *Id.*  Omissions are discussed in greater detail in the context of the CLRA in
     section B, *infra*.

1   refers to four instruments/performers: a vocalist, a drummer, a bassist, and a lead guitarist."[4]  *Id.* at

2   ¶ 16; *see also* the *Rock Band Special Edition* bundle for PS3 retail packaging, attached as Exhibit

3   A to the Declaration of Richard Simon ("Simon Dec.") at pp. 2, 5.

4        These representations cannot form the basis of a claim under the "fraudulent" prong of the

5   UCL.  Plaintiff cannot allege that these representations are false, because, of course, they are true:

6   the game software works with four players and a virtual band *can* be formed with a drummer,

7   vocalist and two guitarists.  The real issue, which Plaintiff seeks to obscure with turgid pleading, is

8   whether a reasonable consumer would likely be deceived into thinking that the *Rock Band* bundle

9   for PS3 included two guitars <u>in the box</u>.[5]  No reasonable consumer would be deceived, because the

10   packaging itself includes a clear, brightly-colored list of included items (showing just one guitar

11   controller) and a photograph of the included hardware (again, showing just one guitar controller).

12   Exhibit A at pp. 2, 5-6;[6] *see also Freeman*, 68 F.3d at 289 (upholding dismissal of a challenge to a

13   mailing that suggested the plaintiff was a sweepstakes winner, because no reasonable consumer

14   would be deceived where the mailer explicitly stated that the plaintiff would win only if he had the

15   winning number).

16        Video "screen shots" of a four-person band shown on the bundle packaging accurately

17   advertise the full features of the game software; *Rock Band* can be played with up to four players.

18   It does not, however, reasonably follow that four hardware accessories would be bundled with the

19   software.  Moreover, any possible confusion would be quickly clarified by the text and

20   photographs on the packaging, which, as set forth above, clearly showing only one guitar

21   controller.

22

23       [4] The bundle packaging does not show, nor has Plaintiff alleged otherwise, a photograph of
two guitar controllers or of four persons playing the game together.  "Screen shots" are depictions

24   of the video game play and animated characters; thus a screen shot might reflect four players
where, for example, only two are participating in the room, and the other two over the internet.

25       [5] Although Plaintiff alleges that Defendants did not sell stand-alone guitar controllers, he
does not allege that Defendants represented that they would.  Thus, Plaintiff can only have been

26   deceived if he believed the bundle contained two guitar controllers.

27       [6] Plaintiff referred to portions of the packaging in his Complaint, *see* ¶16, so the Court is
entitled to consider evidence of the entire package in ruling on this Motion.  *Branch v. Tunnell*, 14

28   F.3d 453-54 (9th Cir. 1994), *overruled on other grounds*, *Galbraith v. County of Santa Clara*, 307
F.3d 1119 (9th Cir. 2002).

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

1862041

- 15 -

MOTION TO DISMISS COMPLAINT AND MOTION TO STRIKE

1    Similarly, Plaintiff's allegations that Defendants misrepresented that Activision's *Guitar*
2 *Hero* controllers would be compatible with *Rock Band* does not pass the "reasonable consumer"
3 test.  Again, Plaintiff only gives <u>one</u> example of a representation purportedly attributable to
4 Defendants:  a Harmonix game developer is alleged to have "confirmed [to IGN, an online gaming
5 magazine] that the *Guitar Hero II* ax [slang for 'guitar'] will work with *Rock Band* on X-Box 360"
6 and to have written "IGN posted that *Rock Band* will not be compatible with *Guitar Hero* guitars.
7 I thought I'd drop in and let you know that this is not correct."  Complaint ¶ 17.  There is no
8 allegation that Plaintiff – or any proposed class member – actually saw these alleged statements.
9 Furthermore, the statements (which are perfectly accurate, because the *Guitar Hero II* controller
10 *does* work with the *Rock Band* software in the X-Box 360 format) would not lead a reasonable
11 consumer to believe that *Guitar Hero* controllers made for the wholly-different Sony PS3 would
12 necessarily be compatible with the PS3 version of *Rock Band*.  Any reasonable consumer of video
13 games knows that Microsoft's and Sony's consoles are proprietary, and not compatible with each
14 other.  A reasonable consumer considers advertising in context, not in isolation of the rest of the
15 information provided to him.  *Haskell v. Time Inc.*,  857 F. Supp. 1392, 1399 (E.D. Cal. 1994) ("if
16 the alleged misrepresentation, in context, is such that no reasonable consumer would be misled,
17 then the allegation may be dismissed as a matter of law.").

18    **b.    Plaintiff's complaint fails to state a claim under the "unlawful"**
19    **prong of the UCL because there is no CLRA or FAL violation.**

20    An "unlawful" business practice is an act performed during a business activity that is
21 forbidden by law, whether civil or criminal.  *Klein v. Earth Elements, Inc.*, 59 Cal. App. 4th 965,
22 969 (1997).  Section 17200's "unlawful" prong borrows violations of other laws and treats them as
23 independently actionable under the UCL.  *State Farm Fire & Cas. Co. v. Superior Court*, 45 Cal.
24 App. 4th 1093, 1103 (1996).  If a plaintiff fails adequately to plead a violation of a borrowed law,
25 the "unlawful" prong of the UCL is inapplicable.  *Whiteside v. Tenet Healthcare Corp.*, 101 Cal.
26 App. 4th 693, 706 (2002).

27    Here, plaintiff's "unlawful" claim is expressly and solely predicated on the alleged
28 violations of the CLRA and FAL that comprise Plaintiff's Second and Third causes of action.

1   Complaint ¶ 44.  The same "reasonable consumer" standard discussed above is equally applicable

2   to the FAL and CLRA, *Consumer Advocates*, 113 Cal. App. 4th at 1360, so alleged

3   misrepresentations that are non-actionable under the UCL are also insufficient under the CLRA or

4   the FAL.  And, as discussed below, Plaintiffs' CLRA and FAL claims fail for a host of other

5   reasons.  Accordingly Plaintiff cannot state a claim under the "unlawful" prong.

6                   **c.    Plaintiff's complaint fails to state a claim under the "unfair"**

7                   **prong of the UCL because there is no public policy violation.**

8        Plaintiff also fails to state a claim under the "unfair" prong of the UCL.  In California,

9   courts currently employ two different standards for determining what constitutes an "unfair"

10  business practice under § 17200, and the California Supreme Court has not yet resolved this

11  inconsistency.  *Bardin v. Daimler Chrysler Corp.*, 136 Cal. App. 4th 1255, 1267 (2006).  Under

12  the first line of cases ("the *Casa Blanca* line"), a business practice is "unfair" if it "'offends an

13  established public policy or … is immoral, unethical, oppressive, unscrupulous or substantially

14  injurious to consumers.'"  *People v. Casa Blanca Convalescent Homes, Inc.*, 159 Cal. App. 3d

15  509, 530 (1984).  Under the *Casa Blanca* line, "the court must weigh the utility of the defendant's

16  conduct against the gravity of the harm to the alleged victim."  *State Farm*, 45 Cal. App. 4th at

17  1104.  The second line of cases ("the *Scripps* line"), offers a narrower definition of "unfair": a

18  claim of an unfair practice "must be 'tethered' to specific constitutional, statutory or regulatory

19  provisions."  *Scripps Clinic v. Superior Court*, 108 Cal. App. 4th 917, 940 (2003).

20       Plaintiff's allegations of unfair conduct fail under both the *Casa Blanca* and *Scripps* lines.

21  Under the *Casa Blanca* standard, Plaintiff has failed to allege that the alleged misrepresentations

22  "offend established public policy," or are otherwise "immoral, unethical, oppressive, unscrupulous

23  or substantially injurious to consumers."  There is nothing "immoral, unethical, oppressive, [or]

24  unscrupulous" about true statements made in promoting a product, even if they include "puffery."

25  *Osborne v. Subaru of America, Inc.*, 198 Cal. App. 3d 646, 660 (1988) ("sellers are permitted to

26  'puff' their products by stating opinions about the quality of the goods").  Nor are any of alleged

27  misrepresentation in any way "substantially injurious to consumers," because, as explained above,

28  no reasonable consumer would be mislead.

Under the *Scripps* definition, Plaintiff has failed adequately to plead any violations of the FAL or the CLRA, as discussed below. In addition, plaintiff does not allege that his claim is predicated on a public policy tethered to specific constitutional, statutory, or regulatory provisions. *See Bardin*, 136 Cal. App. 4th at 1273 (no "right" to "have a vehicle containing an exhaust manifold that lasts as long as an 'industry standard' cast-iron exhaust manifold").

**B.     Plaintiff's Second Cause of Action Under The Consumer Legal Remedies Act Must Be Dismissed**

For his second cause of action, Plaintiff alleges violations of three prohibitions of the CLRA: (1) "representing that goods or services have [characteristics, uses, etc.] which they do not have," Civ. Code § 1770(a)(5); (2) "representing that goods or services are of a particular [quality] if they are of another," § 1770(a)(7); and (3) "advertising goods or services with intent not to sell them as advertised." § 1770(a)(7); *also* Complaint ¶ 51. Substantively, Plaintiff's allegations are the same as his UCL claim, namely that *Rock Band* cannot be played by four people because the software was not bundled with two guitar controllers, and that some guitar controllers – although not Plaintiff's – were defective. *Id.* at ¶ 53. The CLRA cause of action fails for all of the reasons the UCL claim fails, and for several additional reasons.

**1.     Plaintiff Lacks Standing under the CLRA Because He Is A Non-Resident Who Did Not Buy *Rock Band***

Plaintiff lacks standing to bring the CLRA claim. *First*, the CLRA is only available to California plaintiffs. *See Nordberg v. Trilegiant Corp.*, 445 F. Supp. 2d 1082, 1096 (N.D. Cal. 2006) (where defendants were non-California finance companies, court stated that plaintiffs residing in California were "the only plaintiffs with standing to enforce the CLRA against defendants"); *Wagh v. Metris Direct, Inc.*, 2005 WL 1253940 at *9 (Cal. Ct. App. May 27, 2005) (citing *Norwest* and indicating that CLRA claim could not be maintained by non-residents of California based on conduct occurring outside California). For the same reason, the potential class cannot include non-residents like Plaintiff.

*Second*, Plaintiff lacks standing because the CLRA applies only to a "consumer who suffers any damage as a result of [prohibited practices]." Civ. Code § 1780(a) (underline added).

1  Plaintiff is not a consumer because he is a mere gift recipient. A "'consumer' means an individual

2  who seeks or acquires, by purchase or lease, any goods or services for personal, family, or

3  household purposes." *Id.* at § 1771(d); *Schauer v. Mandarin Gems of California, Inc.*, 125 Cal.

4  App. 4th 949, 960 (2005) (gift recipient of defective engagement ring not a "consumer" under the

5  CLRA, as the ring "was not acquired as the result of her own transaction with the defendant

6  [jeweler]."). Plaintiff also has not suffered "damage": he does not claim to have a defective guitar

7  controller, and because he did not purchase *Rock Band*, he has not lost any money or property.

8              **2.      Plaintiff Cannot Satisfy the CLRA's Reliance Requirement**

9      It is black letter law that reliance is an element of a cause of action under the CLRA. *See*

10  *Wilens v. TD Waterhouse Group, Inc.*, 120 Cal. App. 4th 746, 754 (2003) (Relief under the CLRA

11  is specifically limited to those who suffer damage making causation a necessary element of proof).

12  Thus, Plaintiff's CLRA also claim fails because has not alleged that he was aware of, let alone

13  relied upon, any statements about *Rock Band* prior to receiving a gift of the game. *See O'Brien v.*

14  *Camisasca Automotive Mfg., Inc.*, __ Cal. App. __, 73 Cal.Rptr.3d 911, 921 (Cal. App. 2 Dist.

15  Mar 27, 2008) (Plaintiff could not state a claim under the CLRA for a false designation of origin

16  where he had not seen or replied upon the false designation).

17             **3.      The Complaint Fails To State A Claim Under the CLRA Because The**

18                       **Alleged Representations And Omissions Are Not Actionable**

19      There are two facets to Plaintiff's CLRA claim. The first is that Defendants

20  "misrepresented the true nature and characteristics" of *Rock Band* with the intent of deceiving

21  class members. Complaint ¶ 52. The second is that Defendants "failed to disclose, suppressed,

22  and/or concealed the material fact *Rock Band* has known defects… and cannot be played by four

23  players absent significant additional investment." Complaint ¶ 53.

24      The misrepresentation argument fails for several reasons, discussed in greater detail above

25  in the context of the UCL. In short, because Plaintiff has alleged intentional misrepresentation,

26  the Complaint sounds in fraud and Plaintiff must meet the heightened pleading standard of Rule

27  9(b). *See Faigman*, 2007 WL 708554 at *3 (heightened pleading required for CLRA claims where

28  allegations grounded in fraud); *Stickrath*, 527 F. Supp. 2d at 1000 (same). Furthermore, any

1   misrepresentations that are alleged must be "likely to deceive a reasonable consumer." *Consumer*

2   *Advocates*, 113 Cal. App. 4th at 1360 (same standard as UCL and FAL).  The vast majority of

3   Plaintiff's allegations are vague and conclusory, and the only misrepresentations actually alleged,

4   a press release and the game bundle packaging, were general statements and promotional materials

5   about optimal game play unlikely to deceive anyone in the context in which they were presented.

6        Plaintiff's argument based on the omission of product deficiencies also fails.  The CLRA

7   prohibits concealment only of characteristics or qualities "contrary to that represented."

8   *Daugherty v. American Honda,* 144 Cal. App. 4th 824, 835 (2006) ("Although a claim may be

9   stated under the CLRA in terms of constituting fraudulent omissions, to be actionable the omission

10   must be contrary to a representation actually made by the defendant, or an omission of fact the

11   defendant was obliged to disclose.").  In a similar case in this District, plaintiffs claimed that

12   because defendant's product failed within a few years of purchase, the defendant had violated

13   subsections 5, 7, 9, and 14 of Cal. Civ. Code § 1770(a).  *Long v. Hewlett-Packard Co.*, 2007 WL

14   2994812 at \*7 (ND Cal. July 27, 2007).  Plaintiffs alleged, essentially, that defendants "failed to

15   disclose" the "truth" that their product was of substandard quality.  *Id.* at \*8.  The court dismissed

16   the claim without leave to amend, finding that because the defendant made no representation about

17   the life of its product, "a consumer's only reasonable expectation was that the [product] would

18   function properly for the duration of [defendant's] limited one-year warranty" and that the failure

19   to disclose the defect was not actionable under the CLRA or the UCL.  *Id.* at \*9.

20        In this case the Plaintiff has not alleged that Defendants made any representations that the

21   guitar controllers would be defect-free; in fact, Plaintiff alleges that "Defendants have

22   acknowledged defects in the guitar controllers."  Complaint ¶ 24.  Nor has Plaintiff alleged any

23   misrepresentations concerning the return and exchange process.  Likewise, as described above,

24   none of the alleged statements by Defendants about the contents of the *Rock Band* PS3 bundle are

25   statements likely to deceive a reasonable consumer, and therefore not actionable

26   misrepresentations.  *See Long v. Hewlett Packard*, 2007 WL 2994812 at \*8 (representation that

27   laptop a "reliable mobile computing solution" was non-actionable puffery; held: no omissions-

28   based CLRA cause of action).  Plaintiff's Second Cause of Action must therefore be dismissed.

1

2

**4.    Plaintiff Failed To Deliver Advance Notice Of His Claims As Required Before Filing A Complaint For Damages Under The CLRA**

3      The CLRA includes a requirement that "<u>thirty days or more prior to the commencement of

4  action for damages</u>" the consumer will (1) notify the alleged violator of the alleged violations of

5  section 1770 and (2) demand that the alleged violator rectify the violation.  Civ. Code § 1782

6  (emphasis added).  "Such notice shall be in writing and shall be sent by certified or registered

7  mail, return receipt requested, to the place where the transaction occurred, such person's principal

8  place of business within California, or, if neither will effect actual notice, the office of the

9  Secretary of State of California."  *Id.*

10      Plaintiff has not complied with this requirement.  Instead, Plaintiff purports to give the

11  requisite section 1782 notice in the body of the Complaint.  *See* Complaint ¶ 57.  This is not

12  proper under section 1782 because "notice" was not provided by certified/registered mail, and it

13  was served on the registered agent for Viacom, not delivered to the Defendant companies

14  themselves or the Secretary of State.  More importantly, the Complaint seeks money damages, and

15  damages are not available under any of Plaintiff's other claims besides the CLRA.  Although

16  Defendants received the purported notice and responded (reserving rights as to the defective

17  notice) on April 30,[7] the cause of action should be dismissed because when the Complaint was

18  filed, Plaintiff had not provided the required notice.  *See Outboard Marine Corp. v. Superior

19  Court*, 52 Cal. App. 3d 30, 40-41 (1975) (even where actual notice uncontested, strict compliance

20  with section 1782 necessary to serve twin legislative goals of giving notice <u>and</u> "facilitate[ing]

21  pre-complaint settlements of consumer actions wherever possible"); *Von Grabe v. Sprint PCS*, 312

22  F. Supp. 2d 1285 (S.D. Cal. 2003) (dismissing CLRA claim for improper 1782 notice even where

23  actual notice given during the course of litigation).

24      **C.    <u>Plaintiff's Third Cause Of Action For False Advertising Must Be Dismissed</u>**

25      The FAL prohibits any person "with intent to dispose of real or personal property or to

26  perform services" from making "any statement concerning that real or personal property or those

27

---

28      [7] A copy of Defendants' April 30, 2008 letter in response to the purported section 1782 notice of CLRA violations is attached as Exhibit B to the Simon Declaration.

1  services . . . which is untrue or misleading, and which is known, or which by the exercise of

2  reasonable care should be known, to be untrue or misleading…." Bus & Prof. Code § 17500.  The

3  FAL is similar in many respects to the UCL, and courts often treat them together.  *See Buckland v.*

4  *Threshold Enterprises, LTD*, 155 Cal.App.4th 798, 819 (2007) (listing similarities).  The issues

5  raised by this cause of action are identical to those raised in regards to Plaintiff's claim under the

6  UCL and the Complaint suffers the same fatal deficiencies as follows:

7      <u>Plaintiff, A Non-Resident, May Not Assert FAL Claim</u>:  As under the UCL, a non-resident

8  plaintiff may not bring a claim under the FAL, particularly against non-resident defendants, where

9  the complained-of conduct respecting the plaintiff occurred out of state.  *Churchill Village, L.L.C.*

10 *v. General Electric Co.*, 169 F. Supp. 2d 1119 (N.D. Cal. 2000).  Section 17500 expressly applies

11 only to misleading advertising "before the public in this state" or to misleading statements "from

12 this state before the public in any state."  Plaintiff has not alleged that the purportedly misleading

13 advertising originated in California.

14     <u>Plaintiff, A Gift Recipient, Lacks Standing To Pursue An FAL Claim</u>:  As under the UCL,

15 a plaintiff must allege that he suffered an injury to money or property as a result of defendants'

16 conduct to bring an FAL claim.  *Laster*, 407 F.Supp. 2d at 1194; *Buckland*, 155 Cal.App.4th at

17 819.  Plaintiff did not purchase *Rock Band*, and accordingly has not suffered a loss of money or

18 property.  Nor does Plaintiff allege any connection between Defendants' alleged conduct and his

19 acquisition of the product.

20     <u>Plaintiff Fails To Allege Any False Advertising</u>:  Defendants are not liable under the FAL

21 simply because the Plaintiff declares that their advertising was false or deceptive.  *In re Stac Elecs.*

22 *Sec. Litig.*, 83 F.3d 1399, 1403 (9th Cir. 1996) (conclusory and pejorative allegations of falsity are

23 inadequate).  FAL claims are subject to the same standard of objective scrutiny as UCL and CLRA

24 claims, and on that account, any alleged misrepresentations must be likely to deceive a reasonable

25 consumer.  *Consumer Advocates*, 113 Cal. App. 4th at 1360.  None of the few representations

26 actually identified in the Complaint would mislead a reasonable consumer about the contents of

27 the *Rock Band* PS3 bundle or the compatibility of *Guitar Hero* controllers on PS3.  As for the

28 allegedly defective controllers, the Plaintiff does not point to any statement or representation about

the initial quality of the product, nor does Plaintiff allege, even conclusorily, that Defendants made

any deceptive statements about the exchange program for defective units.  Thus, even if Plaintiff

had standing under the FAL – which he most certainly does not – the claim should be dismissed as

a matter of law.

### D.    Plaintiff's Fourth Cause of Action For Unjust Enrichment Is Improper And Must Be Dismissed

There is no cause of action in California for "unjust enrichment."  The California appellate

courts have expressly held that "[u]njust enrichment is not a cause of action… or even a remedy,

but rather a general principle, underlying various legal doctrines and remedies….  It is

synonymous with restitution." *McBride v. Boughton*, 123 Cal. App. 4th 379, 388 (2004); *see also*

*Melchior v. New Line Productions, Inc.*, 106 Cal. App. 4th 779, 793 (2003) ("[T]here is no cause

of action in California for unjust enrichment.  The phrase 'Unjust Enrichment' does not describe a

theory of recovery, but an affect: the result of a failure to make restitution under circumstances

where it is equitable to do so."); *see also Falk v. General Motors Corp.*, 496 F. Supp. 2d 1088,

1099 (N.D. Cal. 2007) (Dismissing unjust enrichment claim where redundant of remedies pleaded

under CLRA and UCL violations).  Here, Plaintiff has not alleged any "misconduct" beside that

which purportedly forms the basis of his statutory claims.  The Fourth Cause of Action is simply a

prayer for restitution, not an independent claim for relief unavailable on Plaintiff's statutory

claims.  As such it is complete surplusage.

Besides, as argued throughout, Plaintiff cannot seek restitution because he has not

conferred a benefit on the Defendants.  He did not buy *Rock Band*, and he has not alleged that he

bought a secondary controller.  Indeed, the Fourth Cause of Action alleges only that "members of

the proposed Class" conferred benefits on Defendants but remains mum as to Plaintiff.  Even if the

claim for Unjust Enrichment were not dismissed as surplusage, Plaintiff Antonelli cannot bring

this claim and he cannot join a class that does.

### E.    Viacom Is An Improper Defendant And Should Be Dismissed

As a matter of law, Plaintiff cannot assert claims against Viacom Inc.  MTV Networks,

which Plaintiff describes as one of the co-developers of *Rock Band*, Complaint ¶ 8, is an

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

1862041

- 23 -

MOTION TO DISMISS COMPLAINT AND MOTION TO STRIKE

1   unincorporated division of a company called Viacom International Inc ("Viacom International").

2   Although Viacom International is a wholly owned subsidiary of Viacom, Plaintiff has alleged no

3   basis for extending liability from Viacom International to its parent corporation.

4          Only one paragraph out of the entire Complaint discusses Viacom, wherein it is alleged

5   that "Viacom is a leading global entertainment content company with prominent and respected

6   brands, including MTV Networks, one of the co-developers, along with Harmonix and EA, of

7   *Rock Band*." *Id.* at ¶ 8.  There is no allegation that Viacom was involved with the development of

8   *Rock Band*, or that it originated or disseminated any of the purportedly deceptive marketing.  In

9   short, there is no basis to hold Viacom directly liable.  *See Nordberg v. Trilegiant*, 445 F. Supp. 2d

10  at 1101  (parent dismissed from CLRA claim where plaintiff could not "point to any factual

11  allegations that support a finding that [parent] should be held directly liable").

12         **F.      Plaintiff's Prayer For Damages Must Be Stricken From The Complaint**

13         Federal Rule of Civil Procedure 12(f) provides that a court "may order stricken from any

14  pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous

15  matter."  The Ninth Circuit has defined "immaterial" matter as one "that has no essential or

16  important relationship to the claim for relief or the defenses being pleaded."  *Fantasy, Inc. v.*

17  *Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993), rev'd on other grounds, 510 U.S. 517 (1994).

18         Plaintiff's prayer for relief includes a demand for "damages, including actual,

19  compensatory, and punitive damages, as appropriate."  Complaint 17:18.  This prayer for relief has

20  no relation to the rest of the Complaint, which does not (and cannot) seek damages, and therefore

21  must be stricken.  Damages, including punitive damages, are not an available remedy under the

22  UCL. *See Bank of the West v. Superior Court*, 2 Cal. 4th 1254, 1266 (1992); *Cel-Tech*

23  *Communications, Inc. v. Los Angeles Cellular Tel. Co.*, 20 Cal. 4th 163, 179 (1999) ("Plaintiffs

24  may not receive damages… or attorneys fees."); *Czechowski v. Tandy Corp.*, 731 F. Supp. 405

25  (N.D. Cal. 1990) (no punitive damages available).  Damages are likewise not available under the

26  FAL.  *Chern v. Bank of America*, 15 Cal. 3d 866, 875 (1976).  And, by definition, damages are not

27  available for unjust enrichment.  *McBride v. Boughton*, 123 Cal. App. 4th 379, 388 (2004) (unjust

28  enrichment "synonymous with restitution").

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

1862041

- 24 -

MOTION TO DISMISS COMPLAINT AND MOTION TO STRIKE

Of Plaintiff's four asserted causes of action, damages are only available under the CLRA. However, as described above, Plaintiff may only file a complaint for damages under the CLRA thirty days *after* giving Defendants notice of his grievances in the manner described by Civil Code section 1782, during which time the Defendants may seek to cure any unlawful conduct. Plaintiff purports to have given this notice *with* the Complaint itself, *see* ¶ 57; accordingly he cannot seek damages at the *same time*. The Complaint concedes as much: "[i]f Defendants fail to do so [to cure CLRA violations] , Plaintiff *will amend* this Complaint to seek damages pursuant to Civil Code § 1782." *Id.* (italics added). Plaintiff's prayer for damages should be stricken.

### G.    **Plaintiff's Purported Class Definition Is Invalid And Should Be Stricken**

Plaintiff's proposed class definition "consists of all persons and entities in the United States who purchased or received as a gift the Playstation 3 ® version of *Rock Band* from Defendants." Complaint ¶ 25 (underline added). The underlined portions are improper and must be stricken. As discussed in greater detail in the preceding sections, non-residents of California may not assert claims under the UCL, FAL, and CLRA where the alleged misconduct, as it pertains to those defendants, did not occur in California.

Also as discussed, the UCL, FAL and CLRA all require that a plaintiff has lost money or property in order to have standing to sue. Class members who, like Antonelli, received a gift of *Rock Band* have not lost money or property. Because they have not paid for the game, they do not have a claim for restitution against Defendants and there can be no unjust enrichment remedy either. Such gift recipients must be stricken from the proposed class definition.

## IV.    **CONCLUSION**

For the foregoing reasons, the Court should dismiss the Complaint in its entirety, or, in the alternative, strike the prayer for damages and the purported class definition.

Dated:  May 1, 2008                         IRELL & MANELLA LLP
                                            Richard B. Kendall
                                            Richard M. Simon


                                            By: /s/ Richard B. Kendall
                                                Richard B. Kendall
                                                Attorneys for Defendants

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

1862041

- 25 -

MOTION TO DISMISS COMPLAINT AND MOTION TO STRIKE